# UNITED STATES BANKRUPTCY APPELLATE PANEL

FOR THE EIGHTH CIRCUIT

No. 97-6006SI
No. 97-6007SI
No. 97-6008SI

GREENWOOD TRUST CO. and DISCOVER        *
CARD, INC.                              *
              Plaintiffs/Appellants *
                                  *
v.                                      *
                                  *
FLORENCE J. SMITH                       *      APPEAL FROM THE UNITED
                                  *      STATES BANKRUPTCY
              Debtor/Appellee.        *      COURT FOR THE
_____ *      SOUTHERN DISTRICT
                                  *      OF IOWA
GREENWOOD TRUST CO. and DISCOVER        *
CARD, INC.                              *
                                  *
             Plaintiffs/Appellants *
                                  *
v.                                      *      Consolidated Appeals
                                  *
JILL RENEE LENAHAN,                     *
                                  *
             Debtors/Appellee.      *
_____ *
GREENWOOD TRUST CO. and DISCOVER        *
CARD, INC.                              *
                                  *
             Plaintiffs/Appellants *
                                  *
v.                                      *
                                  *
KONRAD STEFAN MONTSKO,                  *
                                  *
             Debtor/Appellee.       *

Submitted: August 21, 1997
Filed:  October 8, 1997

Before KRESSEL, SCHERMER, and DREHER, Bankruptcy Judges

SCHERMER, Bankruptcy Judge:

Greenwood Trust Company and Discover Card Services, Inc. (collectively, "Greenwood") appeal from the decision of the United States Bankruptcy Court for the Southern District of Iowa[1] which held that Greenwood's practice of sending debtors an informational copy of a proposal to reaffirm violated Iowa's Consumer Credit Code § 537.7103(5)(e).  We affirm the decision of the bankruptcy court.

I

Florence J. Smith, John and Jill Lehnahan, and Konrad Montsko (collectively the "Debtors") filed chapter 7 petitions listing Discover Card Services, Inc.[2] as an unsecured creditor.  After learning of the bankruptcy filings, Greenwood sent letters to counsel for the Debtors proposing a reaffirmation of the unsecured debt pursuant to 11 U.S.C. § 524(c).[3]  Greenwood also sent a copy of its letters to each Debtor.  The letters stated that Greenwood promised to "re-

---

[1] Lee M. Jackwig, Judge, United States Bankruptcy Court for the Southern District of Iowa.

[2] Discover Card Services, Inc. is the servicing affiliate for Greenwood Trust Company.

[3] The Bankruptcy Code is 11 U.S.C. §§ 101-1330.  All future references are to Title 11 unless otherwise indicated.

2

establish a line of credit" should the Debtor reaffirm the debt and make two consecutive monthly payments. The proposal also required the account balance to be under the pre-petition credit limits.

The Debtors charged that Greenwood's letters violated § 537.7013(5)(e) of Iowa's Consumer Credit Code, which prohibits communication with debtors who are represented by counsel in an attempt to collect a debt. Greenwood filed a complaint for declaratory judgment in each Debtor's case requesting a determination that Iowa Code § 537.7013(5)(e) is preempted by federal bankruptcy law which permits direct negotiation of reaffirmation agreements with debtors who are represented by counsel. In the alternative, Greenwood requested a declaration that its communication to the Debtor did not violate Iowa Code § 537.7103(5)(e) because the communication was non-coercive.

The bankruptcy court granted Greenwood's motion for summary judgment, determining that there were no genuine issues of material fact. However, with respect to the specific relief requested in each adversary proceeding, the bankruptcy court entered an order in favor of the Debtors as if the Debtors had each filed cross motions for summary judgment. Specifically, the bankruptcy court held that federal bankruptcy law dealing with reaffirmation of debt (§ 524(c)), does not preempt Iowa Code § 537.7103(5)(e) and that the correspondence at issue amounted to an act to collect a debt under Iowa Code § 537.7103(5)(e). These consolidated appeals followed.

II

As the facts in these cases are not disputed, the only issues before this Court are (1) whether the Bankruptcy Code preempts Iowa Code § 537.7103(5)(e); and (2) whether Greenwood's practice of sending an "informational copy" of its reaffirmation proposal to each

3

Debtor violated Iowa Code § 537.7103(5)(e). [4]  We hold that the Bankruptcy Code does not pre-empt Iowa Code § 537.7103(5)(e), and we further hold that Greenwood's practice of communicating directly with debtors who are represented by counsel violates Iowa Code § 537.7103(5)(e).

### III

We review the bankruptcy court's grant of summary judgment de novo, applying the same standard as applied by the bankruptcy court.  That is, the moving party would have been entitled to summary judgment on its claim only if there had been a showing that "there [was] no genuine issue as to any material fact and that the moving party [was] entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). *See generally* Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  We review the legal conclusions of the bankruptcy court de novo.  First Nat'l Bank of Olathe Kansas v. Pontow, 111 F.3d 604, 609 (8th Cir. 1997); Estate of Sholdan v. Dietz (In re Sholdan), 108 F.3d 886, 888 (8th Cir.1997).

### IV

As a preliminary matter, at the court's request, the parties addressed the issue of whether a single document entitled a Memorandum of Decision and Order entered by the bankruptcy court

---

[4] Greenwood also argues that the bankruptcy court erred in observing that Greenwood's practice violated the automatic stay imposed by § 362(a).  However, in this respect, Greenwood misreads the bankruptcy judge's Memorandum of Decision because the court did not make such a conclusion.  In its complaints for declaratory judgment, Greenwood discussed the interaction of § 362(a) and § 524(c), but it did not request a finding whether or not its conduct violated § 362(a).  In accordance with the relief requested, the bankruptcy court properly ruled on only those issues on which Greenwood sought a determination.  Since no determination of whether Greenwood violated § 362(a) was sought or made by the bankruptcy court, that issue is not on appeal in these consolidated cases.

4

in each case was a final judgment subject to appeal.  Federal Rule of Bankruptcy Procedure 9021, which incorporates Fed.R.Civ.P. 58, provides "[e]very judgment in an adversary proceeding or contested matter shall be set forth on a separate document."  This rule is intended to help parties ascertain when the time for an appeal begins to run. <u>Bankers Trust Co. v. Mallis</u>, 435 U.S. 381, 384 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978)(per curiam).  In <u>Bankers Trust</u>, the district court clearly evidenced its intent that its opinion was a final decision.  The judgment of dismissal was recorded in the docket, and the parties did not object to the absence of a separate document.  <u>Id</u>. at 387-8.  Under those facts, the parties were deemed to have waived the separate document requirement of Fed. R. Civ. P. 58.  *See also* <u>Hall v. Bowen</u>, 830 F.2d 906, 911 n.7 (8th Cir.1987) (holding that Rule 58 compliance was waived where neither party raised the noncompliance issue, where entry of the district court order was docketed and where the record indicates that the district court intended the memorandum opinion and order to be a final decision).  We are likewise convinced that, in the instant matter, the court intended the Memorandum of Decision and Order in each proceeding to be a final decision on the merits.  Accordingly, we conclude that the Memorandum of Decision and Orders from which the parties appeal are final, appealable orders properly before this court.[5]

V

---

[5] In addition to the separate document requirement, there may be a question of whether or not the order appealed from is final since the order, in effect, denies the relief requested by the summary judgment movant, Greenwood.  An order denying a motion for summary judgment is typically the classic interlocutory order.  Although the summary judgment motions were brought by Greenwood, we are convinced that the bankruptcy court had the authority to rule for the Debtors as a matter of law. <u>Johnson v. Bismarck Pub. School Dist.</u>, 949 F.2d 1000 (8th Cir. 1991).

Turning to the issues on appeal, we address first, whether the Bankruptcy Code preempts Iowa Code § 537.7103(5)(e). That section of Iowa's Consumer Credit Code provides:

> A debt collector shall not engage in the following conduct to collect or attempt to collect a debt: . . . a communication with a debtor when the debt collector knows that the debtor is represented by an attorney and the attorney's name and address are known, or could be easily ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligations in question, within a reasonable time, or prior approval is obtained from the debtor's attorney or when the communication is a response in the ordinary course of business to the debtor's inquiry.

Iowa Code § 537.7013(5)(e) (1989).

The bankruptcy court found that Greenwood's practice violated Iowa Code § 537.7103(5)(e) based on the analysis in a previous decision rendered by the same court. *See* <u>Sears, Roebuck and Co. v. O'Brien</u> (<u>In re O'Brien</u>), Ch. 7 Case No. 95-01292 -D J, Adv. No. 95-95103, slip op. (Bankr. S.D. Iowa, Jan. 13, 1997) (appeal pending). In <u>O'Brien</u>, the court declined to adopt the Seventh Circuit's position that a creditor-initiated offer to reaffirm a debt did not inherently violate the Bankruptcy Code. <u>In re Duke</u>, 79 F.3d 43, 45 (7th Cir.1996). The <u>O'Brien</u>, opinion contrasted offers to reaffirm secured and unsecured debts, holding that offers to reaffirm unsecured debts interfered with the policy of a bankruptcy discharge and fresh start. That order stated:

> Permitting creditors to send informational letters about their secured claims indirectly to debtors represented by counsel and directly to debtor representing themselves is far different from condoning attempts to collect unsecured debts veiled as 'offers" to grant a line of credit or reinstate an account. The breathing spell afforded by the automatic stay and the fresh start provided by the discharge injunction become almost meaningless if any unsecured creditor may solicit

6

continued business on old terms as long as they do so nicely.

O'Brien, slip op. at 29. In so holding, the bankruptcy court discounted the creditor's argument that it is in the debtor's best interest for the creditor to advise that the debtor could make voluntary payments under § 524(f) and receive credit on terms suitable to the particular debtor. Id. at 31. The O'Brien court therefore concluded that Sears' action was an effort to collect a dischargeable debt; that Sears violated the automatic stay; and further, that Sears violated Iowa Code § 537.7103(5)(e). Id. slip op. at 32. This analysis underlies the decisions in the cases at bar.

VI

On appeal, Greenwood argues that applying § 537.7103(5)(e) of the Iowa Consumer Code interferes with the operation of the Bankruptcy Code, and that the Bankruptcy Code preempts this inconsistent state law. Congress may preempt a state statute explicitly or implicitly. Gade v. Nat'l Solid Waste Management Assc., 505 U.S. 88, 98, 112 S.Ct. 2374, 2383, 120 L.ED.2d. 73 (1992)(citing cases). Where, as in this case, the federal statute does not contain explicit pre-emptive language, federal courts have recognized two types of implied preemption: field preemption and conflict preemption. Id. Field preemption occurs "where the scheme of federal regulations is 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.'" Id. (quoting Rice v Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.ED.2D. 1447 (1947)). Conflict preemption occurs where either "compliance with both federal and state regulations is a physical impossibility," Id. (citing Florida Lime & Avocado Growers,

8

<u>Inc. v. Paul</u>, 373 U.S. 132, 142-43, 83 S.Ct. 1210, 1217-18, 10 L.Ed.2d 248

(1963), or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id. (citing cases).

Greenwood argues that the Iowa statute is preempted under the conflict theory of preemption because the Iowa statute is inconsistent with the Bankruptcy Code. Greenwood asserts that the "Code authorizes a creditor to send an informational copy of a proposal to reaffirm directly to the debtor" citing Duke, and therefore contends that since the Code permits it to provide informational copies to a debtor, the State of Iowa cannot prevent that practice.

We disagree with Greenwood's characterization of the interaction of the Bankruptcy Code and the Iowa Consumer Code. Sections 524(c)(3) and 524(c)(6) of the Code authorize negotiation toward reaffirmation agreements, but these sections of the Code are silent on the issue of whether a debtor who is represented by counsel may be contacted directly. Iowa Code § 537.7103(5)(e), however, prohibits such negotiation by contacting a debtor who is known to be represented by counsel.

For this preemption analysis, the critical issue is whether compliance with Iowa's state law impedes Greenwood's right to seek reaffirmation agreements under the Bankruptcy Code. Gade, 505 U.S. at 98. Nothing in Iowa Code § 537.7103(5)(e) prohibits Greenwood from seeking reaffirmation of its Discover Card debts. Iowa's statute only restricts to whom Greenwood's communication may be directed when the debtor is known to be represented by counsel. Compliance with Iowa Code § 537.7103(5)(e) therefore, does not render Greenwood's right of reaffirmation meaningless nor impede the purposes of the Bankruptcy Code.

10

Greenwood does not argue that communication indirectly through a debtor's counsel is a less effective means of seeking reaffirmation than communication directly with a debtor.

Nevertheless, even if we analyze preemption of the Iowa statute on this basis, the preemption argument must fail because the Iowa statute already provides an exception to permit direct contact with the debtor in such instances. Indeed, the statute enumerates three conditions when its prohibition on direct contact is waived:

> (A) where the attorney fails to answer correspondence, return phone calls or discuss the obligations in question, within a reasonable time;
> (B) where prior approval is obtained from the debtor's attorney; or
> (C) where the communication is a response in the ordinary course of business to the debtor's inquiry.

Iowa Code § 537.7103(5)(e) (1989).

Because compliance with Iowa's Code § 537.7103(5)(e) does not obstruct a creditor's right to seek reaffirmation under § 524(c) of the Bankruptcy Code, we reject Greenwood's argument on preemption and hold that the Bankruptcy Code does not preempt this Iowa statute.

VII.

Greenwood next argues that initiating the reaffirmation process is not an act to "collect or attempt to collect" a debt under Iowa Code § 537.7103(5)(e); rather, it is a proposal to enter into a substitute contract that would replace the existing indebtedness. Greenwood insists that its letter and "offer to reaffirm" is not an "act to collect" a pre-petition debt but rather, by its terms, the letter is "a proposal to enter into a substitute contract replacing the original debt and extending a new line of credit." Greenwood cites Northwest Bank and Trust Co. v. Gutshall, 274 N.W.2d 713 (Iowa 1979) *overruled in part on other grounds*, and Ipalco Employee Credit Union v. Culver, 309 N.W.2d 484, 487 (Iowa 1981), for the proposition that Iowa courts view a reaffirmation agreement as creating a "new debt."

12

We agree that in Iowa, the execution of a reaffirmation agreement between a debtor and a creditor creates a new debt and a new contractual obligation. However, we also believe that proposing a reaffirmation agreement is, in all instances, an "attempt to collect a debt." Where, as in these cases, new credit has been offered, it is quite obvious that the new credit is premised upon reaffirmation of the existing debt. In other words, the offer of a "new contract" would not be made without the opportunity to collect the prior debt. Thus, we determine that the conduct of inviting reaffirmation falls squarely within Iowa Code § 537.7103(5)(e) as "an act to collect" a debt.

Accordingly, we conclude that Greenwood's practice of sending a copy of a proposed reaffirmation agreement directly to the debtor is an attempt to collect a debt and, we affirm the bankruptcy court's determination that the practice violated Iowa Code § 537.7103(5)(e).

VIII

For the reasons stated, we affirm the decisions of the bankruptcy court.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT

13