**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4151
No. 97-1537

_____

Brian J. Stillmunkes,          *
                               *
    Debtor - Appellant/Cross-Appellee,          *
                               *
                               *  Appeals  from  the  United
States
                               * District Court for the
R e i n e  S. Stillmunkes,                    *
Southern District of Iowa.
                               *
    Debtor - Appellant/Cross-Appellee,          *
                               *
  v.                           *
                               *
Hy-Vee Employee Benefit Plan   *
and Trust,                     *
                               *
    Creditor-Appellee/Cross-Appellant.          *

_____

                   Submitted:
June 13, 1997

                Filed:  October
20, 1997

_____

Before LOKEN, REAVLEY[1] and JOHN R. GIBSON, Circuit Judges.

_____

_____

    [1]The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge for
the United States Court of Appeals for the Fifth Circuit, sitting by designation.

JOHN R. GIBSON, Circuit Judge.

Reine and Brian Stillmunkes appeal from an order of the district court[2] affirming an order of the bankruptcy court[3] that refused to reduce the claim of the Hy-Vee Employee Benefit Plan and Trust in the Stillmunkeses' Chapter 7 bankruptcy to require Hy-Vee to pay its share of certain attorneys' fees and expenses as required by Iowa law. The Stillmunkeses argue that the bankruptcy court should have reduced Hy-Vee's claim because Iowa state law limits the amount of Hy-Vee's claim to less than the bankruptcy court allowed and because Hy-Vee's claim should be reduced to pay Hy-Vee's share of the attorneys' fees and expenses. Hy-Vee cross-appeals from the denial of its motion for sanctions against the Stillmunkeses' attorneys. We affirm the order of the district court.

Reine was severely injured in a car accident. At the time of the accident Reine's husband Brian was a member of Hy-Vee, which is a self-funded employee benefit plan and is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461. Hy-Vee extends medical benefits to its members and their dependents, and it paid Reine's medical bills resulting from the accident.

---

[2]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

[3]The Honorable Lee M. Jackwig, United States Bankruptcy Judge for the Southern District of Iowa.

Less than a month after the accident Reine and Brian filed for bankruptcy.  One of the assets was Reine's cause of action against the state of Iowa for its negligence in causing the accident in which she was injured.  Reine sued the state of Iowa, but the Trustee of the Stillmunkeses' bankruptcy was later substituted for her in the lawsuit.

The Trustee and the state eventually reached a settlement in which the state paid $350,500 to the Trustee for the damages Reine suffered in the car accident.

Hy-Vee filed a claim in the Stillmunkeses' bankruptcy seeking reimbursement for the medical bills that it paid on behalf of Reine.[4]  The Stillmunkeses argued in the bankruptcy court that subsections 668.5(3) and 668.5(4) of the Iowa Code limited Hy-Vee's claim for reimbursement to 35% of the amount Hy-Vee claimed.[5]  They also

---

[4]Hy-Vee bases its claim on a provision in its plan which provides:

**RIGHT OF REIMBURSEMENT**

If you or one of your Dependents:

- receive benefit payment as described in this booklet as the result of a sickness or injury; and

- have a lawful claim against another party or parties for compensation, damages or other payment because of the same sickness or injury; and

- receive payment from the other party or parties (regardless of the reason or nature of the payment, and whether or not the other party or parties acknowledge liability in connection with the payment);

this Plan shall have right [sic] to be reimbursed for benefits paid under this Plan.

[5]Subsection 668.5(3) of the Iowa Code provides:

Contractual or statutory rights of persons not enumerated in section 668.2 for subrogation for losses recovered in proceedings pursuant to this

argued that Hy-Vee's claim should be reduced by Hy-Vee's proportionate share of the attorneys' fees and expenses incurred in the lawsuit against the state of Iowa.

The bankruptcy court rejected the Stillmunkeses' arguments, ruling that subsections 668.5(3) and 668.5(4) could not reduce Hy-Vee's claim because ERISA pre-empted them. The court permitted Hy-Vee to submit an unsecured claim for the full amount of Reine's accident-related medical bills that Hy-Vee paid. The Stillmunkeses appealed to the district court, and the district court affirmed, again ruling that ERISA pre-empted subsections 668.5(3) and 668.5(4) of the Iowa Code. The Stillmunkeses appeal the order of the district court.

## I.

The Stillmunkeses argue that ERISA does not pre-empt subsections 668.5(3) and 668.5(4) and that Hy-Vee's claim should be reduced according to the terms of subsections

---

chapter shall not exceed that portion of the judgment or verdict specifically related to such losses, as shown by the itemization of the judgment or verdict returned under section 668.3, subsection 8, and according to the findings made pursuant to section 668.14, subsection 3, and such contractual or statutory subrogated persons shall be responsible for a pro rata share of the legal and administrative expenses incurred in obtaining the judgment or verdict.

Subsection 668.5(4) of the Iowa Code provides:

Subrogation payment restrictions imposed pursuant to [subsection 668.5(3)] apply to settlement recoveries, but only to the extent that the settlement was reasonable.

668.5(3) and 668.5(4).[6]  The question of whether ERISA pre-empts

---

[6]The Stillmunkeses argued at oral argument that Hy-Vee was contractually bound to pay its proportionate share of the attorneys' fees and expenses incurred in the lawsuit against the state of Iowa because Hy-Vee had agreed to do so in a letter.  Although the Stillmunkeses referred to the letter in their initial brief to this court, their reference lacked sufficient clarity to be recognized as an argument.  We refuse to consider an argument presented to this court for the first time at oral argument.  Cf. Wiener v. Eastern Ark. Planting Co., 975 F.2d 1350, 1357 n.6 (8th Cir. 1992) (refusing to consider an argument raised for the first time in a reply brief).

subsections 668.5(3) and 668.5(4) is one of law. Therefore, we review the decision de novo. See Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987).

Hy-Vee's claim for reimbursement is a contractual claim that is normally governed by state law. See Butner v. United States, 440 U.S. 48, 54-55 (1979). Hy-Vee argues that subsections 668.5(3) and 668.5(4) do not apply to its claim for "reimbursement" because they speak in terms of "subrogation." Subsections 668.5(3) and 668.5(4) by their express terms cover the type of situation presented in this case, even though they use the term subrogation rather than reimbursement. The relevant part of subsection 668.5(3) states that "contractual . . . rights of persons . . . for subrogation for losses recovered . . . shall not exceed that portion of the judgment or verdict specifically related to such losses, . . . and such . . . subrogated persons shall be responsible for a pro rata share of the legal and administrative expenses incurred in obtaining the judgment or verdict." Subsection 668.5(4) further provides that "subrogation payment restrictions imposed pursuant to [subsection 668.5(3)] apply to settlement recoveries, but only to the extent that the settlement was reasonable." Hy-Vee has a right to receive the money it previously paid for Reine's medical bills from the money which the state of Iowa paid to the Trustee on behalf of Reine in the settlement. We conclude that even though subsections 668.5(3) and 668.5(4) use the term subrogation, they apply to the type of claim that Hy-Vee has made in the Stillmunkeses' bankruptcy. Cf. Principal Cas. Ins. Co. v. Norwood, 463 N.W.2d 66, 68 (Iowa 1990)

(applying section 668.5 to insurer's claim under similar facts).

Our analysis must continue, however, because Hy-Vee is an employee benefit plan governed by ERISA.  ERISA, through its "deemer" clause, exempts self-funded

ERISA plans from state laws that regulate insurance.  See 29 U.S.C. § 1144(b)(2)(B); <u>FMC Corp. v. Holliday</u>, 498 U.S. 52, 57-58, 61 (1990).  The deemer clause provides: "Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, . . . or to be engaged in the business of insurance . . . for purposes of any law of any State purporting to regulate insurance companies, [or] insurance contracts . . . ." 29 U.S.C. § 1144(b)(2)(B).  Subsections 668.5(3) and 668.5(4) are state laws that regulate insurance.  See <u>FMC Corp.</u>, 498 U.S. at 58-61 (holding Pennsylvania statute regulating subrogation is a law regulating insurance). Therefore, we conclude that Hy-Vee, as a self-funded ERISA plan, is exempt from subsections 668.5(3) and 668.5(4) pursuant to ERISA's deemer clause, and we reject the Stillmunkeses' argument that subsections 668.5(3) and 668.5(4) reduce Hy-Vee's claim.  See <u>FMC Corp.</u>, 498 U.S. at 61.

## II.

The Stillmunkeses argue that the common fund doctrine in federal common law requires the reduction of Hy-Vee's claim by Hy-Vee's proportionate share of the attorneys' fees and expenses incurred in the lawsuit against the

state of Iowa.  We conclude that the bankruptcy court did not err in denying these arguments.[7]

---

[7]We realize that this court has recently reached a conclusion in Waller v. Hormel Foods, No. 96-2080, 1997 WL 398642 (8th Cir. July 17, 1997) that is somewhat at odds with our holding today.  In that case, however, this court relied on federal common law to address the issue of attorneys' fees and expenses where both ERISA and the individual ERISA plan were silent.  We need not resort to federal common law in the case at hand.  Because the Trustee assumed the role of party plaintiff in the lawsuit against the state of Iowa, the attorneys' fees incurred as a result of that lawsuit were properly treated as administrative expenses borne by the estate.  Such administrative expenses are properly governed by the bankruptcy code, and so federal common law is inapplicable.

**III.**

Hy-Vee cross-appeals from the bankruptcy court's denial of Hy-Vee's motion for sanctions against the Stillmunkeses' attorneys. We review the bankruptcy court's refusal to impose sanctions for an abuse of discretion. <u>See</u> <u>Grunewaldt v. Mutual Life Ins. Co.</u> (<u>In re Coones Ranch, Inc.</u>), 7 F.3d 740, 743 (8th Cir. 1993). We have carefully reviewed the record, and the bankruptcy court did not abuse its discretion in refusing to impose sanctions on the Stillmunkeses' attorneys.

We affirm the district court's order in all respects.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.