# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-2231 & 98-2407 (Consolidated)

_____

| | | |
|---|---|---|
| Sears, Roebuck and Co., | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Bonnie Patricia O'Brien, | * | |
| | * | |
| Defendant - Appellee. | * | |
| | * | Appeals from the United States |
| _____ | * | District Court for the Southern |
| | * | District of Iowa. |
| | * | |
| Sears, Roebuck and Co., | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Lois M. Siverly, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: April 21, 1999
Filed: May 13, 1999

_____

Before BEAM and HANSEN, Circuit Judges, and KOPF,[1] District Judge.
_____

KOPF, District Judge.

Sears, Roebuck and Co., (Sears) appeals from two decisions of the district court[2] separately affirming two decisions of the bankruptcy court. The appeals have been consolidated. We affirm.

These cases raise one primary issue. Does federal bankruptcy law preempt an Iowa law that prohibits a creditor from sending a collection letter to a debtor who is represented by a lawyer, when that creditor knows that the debtor is represented by counsel? The district court found that the state law was not preempted, and that Sears violated the law by sending such a letter to both debtors. On this point, we agree with the district court. The district court also found it unnecessary to address whether the particular collection letters independently violated federal bankruptcy law or an Iowa ethical rule, and we agree on this point as well.

## I. Background

We next describe the pertinent Iowa law. We then set out the procedural history and factual background of the two cases that are before us.

## A. Iowa Law

The Iowa law at issue in this case states:

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Charles R. Wolle, Chief United States District Judge for the Southern District of Iowa.

5. A debt collector shall not engage in the following conduct to collect or attempt to collect a debt:

. . .

> e. A communication with a debtor when the debt collector knows that the debtor is represented by an attorney and the attorney's name and address are known, or could be easily ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligation in question, within a reasonable time, or prior approval is obtained from the debtor's attorney or when the communication is a response in the ordinary course of business to the debtor's inquiry.

Iowa Code Ann. § 537.7103(5)(e) (West 1998) (hereinafter "§ 537.7103(5)(e)").

## B. The O'Brien Case

On May 3, 1995, Bonnie Patrick O'Brien and her spouse filed a Chapter 7 bankruptcy petition listing Sears as an unsecured creditor. O'Brien was represented by attorney Steven Hahn ("Hahn").

On June 23, 1995, Sears sent a letter to Hahn regarding its purchase money security interest in certain merchandise O'Brien owned when the petition was filed. The letter advised Hahn that Sears had not yet received O'Brien's statement of intention as to the secured merchandise in accordance with section 521(2)(A) of the Bankruptcy Code (11 U.S.C. § 521 (2)(A)). The letter identified O'Brien's options with respect to her account: redeem the merchandise with a lump sum payment, return the items, or reaffirm her account balance. The letter also stated that O'Brien could re-establish a line of credit with Sears by reaffirming all her debt and offered a line of credit if she reaffirmed. Sears mailed a copy of the letter to O'Brien stamped "for

information purposes only" and to the bankruptcy trustee. Sears enclosed two reaffirmation agreements with the letter it sent to Hahn, but not to O'Brien. The letter requested a response from Hahn regarding O'Brien's intentions.

After Hahn complained to Sears that the letter violated Iowa law, on July 26, 1995, Sears commenced an adversary proceeding by filing a complaint for a declaratory judgment. See 28 U.S.C. § 2201(a) (providing for declaratory judgments in any "court of the United States" where there is an "actual controversy"). With exceptions not present here, the bankruptcy court has the power to issue declaratory judgments when the matter in controversy regards the administration of a pending bankruptcy estate. See, e.g., National Union Fire Ins. Co. v. Titan Energy, Inc., (In re Titan Energy, Inc.) 837 F.2d 325, 329-30 (8th Cir. 1988) (bankruptcy court had jurisdiction to issue declaratory judgment in a proceeding brought by debtor's insurer to determine scope of products liability policy as proceeding could conceivably have significant impact on debtor's estate by reducing claims against debtor). See also Kings Falls Power Corp. v. Mohawk Paper Mills, Inc., (In re Kings Falls Power Corp.) 185 B.R. 431, 436-38 (N.D. N.Y. 1995); Korhumel, Inc. v. Korhumel Indus., Inc., 103 B.R. 917, 925-26 (N.D. Ill. 1989); Fed. R. Bankr. P. 7001(9); 1 Lawrence P. King, Collier on Bankruptcy, ¶ 3.09[4] at 3-110 to 3-112 (15th ed. rev. 1999). Since Sears' dispute with the debtor was a "matter[] concerning the administration of the estate," the bankruptcy court had jurisdiction to hear Sears' request for declaratory relief.[3] 28 U.S.C. § 157 (b)(2)(A).

Sears requested that the Bankruptcy Court declare that: (1) § 537.7103(5)(e) is preempted by federal bankruptcy law and policy; (2) Sears did not violate federal bankruptcy law by sending a copy of the letter to O'Brien; and (3) Sears did not violate

---

[3]For example, Sears claimed that it was necessary to write the letter to protect its purchase money security interest in property of the bankruptcy estate.

§ 537.7103(5)(e) by such action. In her Answer, O'Brien claimed the letter was an attempt to collect a debt because it was harassing.

Sears moved for summary judgment, seeking the declaratory relief it requested in its Complaint. The motion was briefed by both parties. The Bankruptcy Court, the Honorable Lee M. Jackwig presiding, held that: (1) there were no genuine issues of material fact; (2) Sears was barred under principles of issue preclusion from litigating the preemption issue; (3) even if issue preclusion did not apply, § 537.7103(5)(e) was not preempted; (4) the automatic stay provision of the Bankruptcy Code (11 U.S.C. § 362(a)(6)[4]) prohibited Sears' act of sending a copy of the letter to O'Brien because the letter was at least in part an attempt to collect an unsecured debt; and (5) Sears' act violated § 537.7103(5)(e).

Sears appealed to the District Court and sought reversal of the Bankruptcy Court on several grounds. The District Court concluded that Sears was not barred under the concept of issue preclusion from litigating the preemption issue. However, the court held that federal bankruptcy law did not preempt the relevant Iowa law. It further held that Sears violated the Iowa law. The District Court concluded that in light of its rulings, it did not need to reach the issue of whether Sears violated federal bankruptcy law. Accordingly, the decision of the bankruptcy court was affirmed.

## C. The Siverly Case

Lois M. Siverly filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 28, 1995. Hahn represented Siverly in the Chapter 7 proceeding.

---

[4]Upon the filing of a petition, the Bankruptcy Code imposes a stay against "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6).

On August 9, 1995, Sears sent Hahn a letter concerning its purchase money security interest in goods purchased by Siverly. Like the letter relating to O'Brien, the letter regarding Siverly advised Hahn that Sears had not received Siverly's statement of intention with respect to the secured property in accordance with § 521(2)(A) of the Bankruptcy Code. The letter further advised Hahn of Siverly's options with respect to the account: redeem the merchandise with a lump sum payment, return the merchandise, or reaffirm the account balance. In addition, the letter explained that Siverly could re-establish a line of credit with Sears by reaffirming all her debt and offered a line of credit if she reaffirmed. Sears mailed a copy of the letter to Siverly and the bankruptcy trustee.

Hahn advised Sears that he objected to Sears' sending of a copy of the letter to Siverly and threatened legal action pursuant to § 537.7103(5)(e). Sears then initiated an adversary proceeding seeking a declaratory judgment that: (1) federal bankruptcy law and policy preempt § 537.7103(5)(e); (2) Sears did not violate federal bankruptcy law by sending Siverly a copy of the letter; and (3) Sears' act did not violate Iowa law. In her Answer, Siverly maintained that the letter was harassing and constituted an attempt to collect a debt.

On January 16, 1996, Sears filed a motion for summary judgment seeking the declaratory relief. On June 24, 1997, after Sears' motion was fully briefed, the Bankruptcy Court, the Honorable Russell T. Hill presiding, granted Sears' motion insofar as it sought declaratory relief based on there being no genuine issue of material fact, but otherwise, it ruled in favor of Siverly.

More specifically, the Bankruptcy Court held that: (1) the concept of issue preclusion barred Sears from litigating the preemption issue; (2) even if the concept of issue preclusion did not apply, federal bankruptcy law does not preempt Iowa law because no direct conflict existed and the federal statute did not expressly address the conduct in issue; (3) Sears' communication violated Iowa law; and (4) Sears' sending

of the letter to the debtor constituted a violation of Iowa Disciplinary Rule 7-104(A)(1).[5] The Bankruptcy Court also stated that it did not need to resolve the issue of whether Sears violated § 362(a)(6) of the Bankruptcy Code.

Sears appealed to the District Court. On April 16, 1998, the District Court affirmed the Bankruptcy Court's holdings that federal bankruptcy law does not preempt the Iowa law and that Sears violated § 537.7103(5)(e). The District Court did not address whether the Bankruptcy Court erred in failing to find that Sears' communication was not an improper attempt to collect the debt under the Bankruptcy Code and in applying Disciplinary Rule 7-104(A)(1) to Sears.

## II. Discussion

The parties agree that no material facts are in dispute. The issues before us are legal and not factual. Our standard of review is de novo. See, e.g., National Bank of Commerce v. Dow Chemical Co., 165 F.3d 602, 606-07 (8th Cir. 1998) (the granting of summary judgment, involving a claim of preemption, would be reviewed de novo); Stillmunkes v. Hy-Vee Employee Benefit Plan and Trust, 127 F.3d 767, 769-70 (8th Cir. 1997) (bankruptcy court's preemption ruling is reviewed de novo). With this in

---

[5]That disciplinary rule states in pertinent part:

> (A)    During the course of representing a client a lawyer shall not:

> (1)    Communicate or cause another to communicate on the subject of the representation with a party known to be represented by a lawyer in that matter except with the prior consent of the lawyer representing such other party or as authorized by law.

Iowa Code Ann., Code of Prof. Resp., D.R. 7-104(A)(1) (West. 1998).

mind, we next state the reasons for our conclusion that the decisions of the district court should be affirmed.

## A. Iowa Law

Sears claims that Iowa law is preempted by federal law, and, even if it is not, the letters that Sears sent did not violate Iowa law. We disagree on both counts.

### 1. Preemption

Under the Supremacy Clause of the Constitution, whether a federal law preempts a state law generally turns on the answers to four questions. See, e.g., Nordgren v. Burlington Northern R.R. Co., 101 F.3d 1246, 1248 (8th Cir. 1996) (FELA did not preempt railroad's counterclaim for property damages). Is the state law explicitly preempted by the federal law? Id. Is the state law implicitly preempted by the federal law because Congress has regulated the entire field? Id. (quoting Fidelity Fed. Sav. & Loan Ass'n v. De la Cuesta, 458 U.S. 141, 153 (1982)). Is the state law implicitly preempted because compliance by a private party with federal and state law is impossible? Id. (quoting Freightliner Corp. v. Myrick, 514 U.S. 280, 287 (1995)). Is the state law implicitly preempted because it creates an obstacle to accomplishment and execution of the full purpose of federal law? Id. Here, the answer to all of these questions is "no."

We find no statement on the part of Congress expressing an intention to preempt laws like the Iowa statute. Moreover, while federal bankruptcy law is expansive, Congress has not exclusively regulated the relationship of private lawyers and clients and the permissible range of third-party conduct that may properly interfere with that relationship. On the contrary, that arena is particularly one of local concern, and we are loath to find preemption in such a case. Id. (quoting CSX Transp., Inc. v.

Easterwood, 507 U.S. 658, 663-64 (1993)). As a result, we find no "field" preemption either.

Furthermore, Sears does not claim that it is impossible to comply with federal and state law. In fact, Sears could easily comply with Iowa law by simply addressing letters to counsel as opposed to the debtor. Thus, it is not impossible for Sears to pursue its rights under federal bankruptcy law while complying with Iowa law.

Finally, on the facts and circumstances of this case, there is no reason to think that Sears has been or will be meaningfully impeded in the pursuit of any federal bankruptcy rights if it is required to deal with a debtor's lawyer as required by Iowa law. Sears certainly presented no evidence to the district court which would support such a finding. We emphasize, as did the district court, that the Iowa law permitted Sears to deal directly with the debtor if counsel was unresponsive.

Simply put, federal bankruptcy law does not preempt § 537.7103(5)(e) because the state law presents no obstacle to the full enjoyment of Sears' federal rights. In a similar case, the bankruptcy appellate panel for this Circuit has come to the same conclusion. Greenwood Trust Co. v. Smith, 212 B.R. 599, 602-03 (B.A.P. 8th Cir. 1997) (reaffirmation provision of Bankruptcy Code did not preempt § 537.7013(5)(e), but only restricted persons with whom the creditors could communicate in attempt to secure such agreements). We agree with that decision. Likewise, we are not persuaded by Sears' attempt to distinguish these cases from Greenwood.

## 2. Violation of Iowa Law

Sears argues that even if Iowa law is not preempted, the letters that Sears sent did not violate Iowa law. We make short work of that argument.

The statute is clear. With exceptions not pertinent here, § 537.7103(5)(e) provides that an "attempt to collect a debt" by means of a "communication with a debtor" is prohibited if the debt collector "knows that the debtor is represented by an attorney and the attorney's name and address are known, or could be easily ascertained." The letter Sears sent to the debtors not only inquired about pledged collateral, but also offered a Sears credit line if the debtors would reaffirm all of the debt, including the unsecured portion of the obligation. Applying the plain meaning of words of the statute to the conduct of the creditor, Sears was obviously trying to collect a debt. See Greenwood, 212 B.R. at 603 ("[W]e determine that the conduct of inviting reaffirmation falls squarely within Iowa Code § 537.7103(5)(e) as 'an act to collect' a debt"). Sears did so by writing a party that was represented by a lawyer. Sears knew that counsel had been retained, and Sears knew the lawyer's address.

That Sears may have had a valid business reason for sending an "information copy" to the debtor or that Sears acted with a benevolent motive or that Sears also addressed the letter to counsel for the debtor[6], are irrelevant when the unambiguous words of the Iowa statute are applied to the undisputed facts. Iowa law plainly prohibited what Sears did notwithstanding the excuses now advanced by the company.

## B. The Other Issues

The district court found it unnecessary to address whether the Sears collection letter independently violated federal bankruptcy law or an Iowa ethical rule. We too agree that it is unnecessary to resolve those issues, and we express no opinion on them.

---

[6]We express no opinion on Sears' true business purpose or motivation.

In addition, and perhaps more importantly, we do not think that those issues were properly presented to the bankruptcy court because there was no real controversy about them. See 28 U.S.C. § 2201 (requiring an "actual controversy" as a condition for declaratory relief). See also Marine Equipment Management Co. v. United States, 4 F.3d 643, 647 (8th Cir. 1993) (absent a substantial probability of future claims, fear of future liability did not satisfy the "case or controversy" requirement for bringing a declaratory judgment action). As Sears alleged in its complaints, the letters from the debtors' counsel threatening legal action--which motivated Sears' declaratory judgment requests--alleged only a violation of § 537.7103(5)(e). (App. at 71-72 ¶ 10; 91-92 ¶ 10.) Therefore, the only "actual controversy" properly before the bankruptcy court was whether a specific Iowa law was preempted by federal bankruptcy law, and, if not, whether, during the administration of the estate, Sears violated that Iowa law by sending the letter.

## III. Conclusion

The Iowa law that prohibited Sears from corresponding with debtors represented by counsel is not preempted by federal bankruptcy law. That law does not impede Sears in the exercise of its federal bankruptcy rights. In addition, the letters that Sears sent to the debtors, which offered a new credit line if they would reaffirm their prior debt (including the unsecured portion), violated the Iowa statute as an attempt to collect a debt by corresponding directly with a client represented by a lawyer. Accordingly, we affirm the decisions of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-