**Hazel V. STURM, by Lewis Chester Sturm, her attorney in fact, Plaintiff,**

v.

**PROVIDIAN NATIONAL BANK, Defendant.**

No. Civ.A. 5:99–0599.

United States District Court, S.D. West Virginia, Beckley Division.

Dec. 23, 1999.

Daniel F. Hedges, Charleston, WV, for plaintiff.

Daniel Booth, Booth & McCarthy, Bridgeport, WV, for defendant.

## MEMORANDUM OPINION AND REMAND ORDER

HADEN, Chief Judge.

Pending are (1) Defendant's motion to reinstate this action to the active docket, (2) Plaintiff's motion to dismiss claim or, in the alternative, to amend the Complaint, and (3) Plaintiff's motion to remand. For reasons discussed more fully below, the Court **GRANTS** all these motions *seriatim.*

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that when she filed bankruptcy in the District, William W. Pepper was listed as counsel. Notice of the bankruptcy filing was forwarded to all creditors including Defendant Providian National Bank ("Providian"), which received the notice on September 16, 1998. After Providian received the notice, Plaintiff alleges Providian called her thirteen (13) times in an attempt to collect money, although on each occasion Plaintiff informed Providian of her counsel's name and phone number.

Count I of the Complaint alleges violations of *West Virginia Code* section 46A–2–127(e), misrepresenting that an amount was due and section 46A–2–128(e), communicating with Plaintiff despite the fact she was represented by counsel. Count II alleges violation of *West Virginia Code* section 46A–2–124(f), attempting to collect a debt in violation of federal bankruptcy law. Plaintiff subsequently moved to amend the Complaint by deleting Count II.

Early on, the Court was advised by Plaintiff's counsel that the parties had reached a settlement of this action. By Order of September 23, 1999 the Court retired the action from the active docket and gave the parties thirty (30) days to submit an agreed order of dismissal. Instead, on October 22, 1999 Defendant moved to reinstate the action, representing to the Court that, although "both Counsel

believed that the Defendant would accept [Plaintiff's] demand," (Def.'s Mot. to Reinstate ¶ 7), Defendant rejected the demand after Plaintiff had informed the Court the settlement had been accepted.

On November 23, 1999 the Court held a status hearing on the motion to reinstate. Each counsel presented the Court with his version of the conversations regarding settlement. The Court opined it would be a "make work" solution to hold an evidentiary hearing and determine the issue of fact as to whether a settlement was reached. Instead, the Court proposed assuming there was no settlement and determining the remaining motions on their merits. Accordingly, the Court **GRANTED** Providian's motion to reinstate.

Providian acknowledged that although it had opposed the motion to amend, *Rule* 15, *Federal Rules of Civil Procedure,* allows for liberal amendment of a party's pleadings. *See* Fed.R.Civ.P. 15(a). The Court ruled at conference and **GRANTED** Plaintiff's motion to amend the Complaint and delete Count II. This Memorandum Opinion and Order memorializes that ruling. Only Plaintiff's motion to remand remains pending. That motion has been fully briefed and is ripe for resolution also.

## II. DISCUSSION

Defendant timely removed this action from the Circuit Court of Wyoming County, West Virginia, based on preemption of Plaintiff's claims by the United States Bankruptcy Code and, as well, on diversity jurisdiction. Plaintiff moved to remand, arguing the Court has neither federal question nor diversity jurisdiction.

### A. State Law Preemption by the Bankruptcy Code

■ The West Virginia Consumer Credit and Protection Act ("WVCCPA"), W.Va. Code §§ 46A–1–101, *et seq.,* requires "No debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim." W.Va.Code § 46A–2–128. Such prohibited conduct includes:

> Any communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligation in question or unless the attorney consents to direct communication.

W.Va.Code § 46A–2–128(e). Plaintiff alleges Providian's actions violated this provision of the WVCCPA.[1]

Providian argues the WVCCPA is preempted completely by the United States Bankruptcy Code with respect to actions taken by a creditor during the pendency of an active, open bankruptcy case when such actions are directly related to the debtor-creditor relationship created by the bankruptcy petition. (Def.'s Mem. in Supp. of Def.'s Responsive Mot. at 11). In particular, Providian argues the automatic stay of the Bankruptcy Code, 11 U.S.C. § 362, has been violated and, thus, the remedial provisions of the Bankruptcy Code should provide Plaintiff's sole remedy.

The Eighth Circuit recently analyzed federal preemption of an Iowa consumer protection statute, nearly identical to the West Virginia counterpart, prohibiting direct communication with a debtor represented by counsel by a debt collector attempting to collect a debt. *See Sears*

---

1. Count I also alleges Defendant misrepresented that an amount was due in violation of *West Virginia Code* section 46A–2–127(e). Section 46A–2–127(e) provides: "No debt collector shall use ... [a]ny false representation or false implication that any debt collector is vouched for, bonded by, affiliated with or an instrumentality, agent or official of this state or any agency of the federal, state or local government." W.Va.Code § 46A–2–127(e). Presumably, Plaintiff intended to rely upon section 46A–2–127(d), which prohibits "[a]ny false representation or implication of the character, extent or amount of a claim against a consumer, or of its status in any legal proceeding."

*Roebuck and Co. v. O'Brien,* 178 F.3d 962 (8th Cir.1999).

The *Sears* court reasoned that under the Supremacy Clause of the Constitution, whether a federal law preempts a state law turns on the answers to four questions. *Id.* at 967 (citing *Nordgren v. Burlington Northern R.R. Co.,* 101 F.3d 1246, 1248 (8th Cir.1996)). Is the state law explicitly preempted by the federal law? *Id.* Is the state law implicitly preempted by the federal law because Congress regulates the entire field? *Id.* Is the state law implicitly preempted because compliance by a private party with federal and state law is impossible? *Id.* Is the state law implicitly preempted because it creates an obstacle to accomplishment and execution of the full purpose of federal law? *Id.*

Providian acknowledges that Congress did not employ preemptive language in the Bankruptcy Code, nor did Congress intend that the Bankruptcy Code be so pervasive that it occupy the entire field of debtor/creditor relations. (Def.'s Resp. to Mot. to Remand and Opp'n Thereto ¶ 22.) Nor has Providian provided any argument that compliance with both the WVCCPA and the Bankruptcy Code is impossible. Finally, Providian has not demonstrated any meaningful impediment to its pursuit of its federal bankruptcy rights if it is required to deal with a debtor's lawyer rather than the debtor, as required by West Virginia law.[2] The Court adopts the *Sears* court's conclusion: "Simply put, federal bankruptcy law does not preempt [consumer protection law requiring communications with a represented debtor's counsel] because the state law presents no obstacle to the full enjoyment of [a creditor's] federal rights." *Sears,* 178 F.3d at 967.

Accordingly, the Court finds and concludes that Plaintiff's alleged violation of the WVCCPA is a state law claim, not preempted by the federal Bankruptcy Code.[3]

## B. Diversity Jurisdiction

■ Plaintiff is a West Virginia resident, Providian a citizen of California. Providian asserts the amount in controversy exceeds the statutory limit of $75,000, *see* 28 U.S.C. § 1332(b), because Plaintiff has pled civil penalties under the WVCCPA of $3,300.00 for each alleged violation. Thirteen violations are alleged, amounting to $42,900 in statutory penalties. Defendant then urges the amount in controversy be doubled on the possibility that Plaintiff could assert each phone call by Providian's agents actually constituted two violations. (Notice of Removal ¶ 10.)

West Virginia Code section 46A–5–101(1) provides in pertinent part:

> If a creditor has violated the provisions of this chapter applying to ... fraudulent or unconscionable conduct ... the *consumer has a cause of action to recover from the person violating this chapter a penalty* in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars.

W.Va.Code 46A–5–101(1) (emphasis added). Damages for claims brought under Chapter 46A applying to prohibited debt collection practices may be adjusted for inflation since 1974, *see* W.Va.Code § 46A–5–106, producing Plaintiff's total demand

---

**2.** Although the automatic stay prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title," 11 U.S.C. § 362(a)(6), it has no provision concerning contact with debtors represented by counsel. Thus, enforcement of state consumer protection law in no way impedes administration of the bankruptcy case.

**3.** The Court was initially vested with jurisdiction by Plaintiff's explicit invocation of the Bankruptcy Code in Count II, now abandoned. Accordingly, 28 U.S.C. § 1367 is implicated. Nonetheless, the Court, based upon its consideration of § 1367, *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir.1995) and related authority, declines jurisdiction over the remaining claim. The claim involves peculiarly state law issues and is presently undeveloped in this Court.

of \$3300 per violation. As the statute makes clear, each violation creates a single cause of action to recover a single penalty. Accordingly, the total penalty sought by Complaint is \$42,900 plus attorney fees and costs. Finally, Plaintiff explicitly limits Providian's total liability for damages to "less than \$70,000." (Compl. ¶ 1.)

Accordingly, the Court finds and concludes that it does not enjoy diversity jurisdiction of this civil action because the amount in controversy is less than \$75,000.

### III. CONCLUSION

The Court **GRANTS** Plaintiff's motion and **REMANDS** this civil action to the Circuit Court of Wyoming County, West Virginia.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Remand Order to counsel of record; return the file and docket sheets to the Clerk of the Circuit Court of Wyoming County, West Virginia; and **RETIRE** this action from the docket.