271 B.R. 789 (2002)
In re Brenda Yvonne MACHNIC.
Universal Bank, N.A., Plaintiff,
v.
Brenda Yvonne MACHNIC, Defendant.
Bankruptcy No. 00-10147. Adversary No. 00-0138.
United States Bankruptcy Court, S.D. West Virginia.
January 10, 2002.
*790 *791 Kevin M. Fitzpatrick, Fitzpatrick & Raftery, P., Fairfax, VA, for plaintiff.
Robert L. Johns, Spencer D. Elliot, Jackson & Kelly PLLC, Charleston, WV, for defendant.

ORDER GRANTING JUDGMENT FOR DEFENDANT ON COUNTERCLAIM
RONALD G. PEARSON, Bankruptcy Judge.
Brenda Yvonne Machnic ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 4, 2000. The Plaintiff, Universal Bank, N.A., brought this adversary proceeding objecting to the discharge of consumer debt incurred by the Debtor on a credit card account. Universal alleged that at the time the debt was incurred, the Debtor misrepresented to Universal both the intent and ability to repay. Universal therefore asked that the debt be found nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), for a judgment equal to the outstanding debt, with all accrued interest, and for costs and attorney's fees. The Defendant filed a counterclaim asserting that Plaintiff's demand for attorney fees and costs in addition to the obligation owed by Debtor violated the West Virginia Consumer Credit and Protection Act (W.Va.Code §§ 46A-1-101, et seq.) (1999) (hereinafter "WVCCPA" or "Act").
A hearing was held on April 26, 2001. The Court found that the debt owed Plaintiff was not obtained by fraud and was therefore dischargeable. The Court further awarded Debtor her costs and attorney's fees in defending the adversary proceeding. Debtor's counterclaim was taken under advisement and the parties were directed to file briefs within three weeks of the hearing. Debtor filed a brief with the Court on May 17, 2001. No brief was filed by Universal.

I. WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT
The WVCCPA "represents a comprehensive attempt on the part of the legislature to extend protection to the consumers and persons who obtain credit in [the] State. . . ." Harless v. First Nat'l Bank, 162 W.Va. 116, 246 S.E.2d 270 (1978). Article 2 of the Act broadly prohibits unfair or unconscionable collection methods; threats or coercion; oppression and abuse; and fraudulent, deceptive or *792 misleading representations by debt collectors. Debtor alleges that Universal is a "debt collector" within the meaning of the Act, and through the actions of its attorney utilized debt collection methods that violate the Act.
A debt collector is "any person or organization engaging directly or indirectly in debt collection." W.Va.Code § 46A-2-122(d). "Debt Collection means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer." W.Va.Code § 46A-2-122(c). In applying the above definitions, the Supreme Court of Appeals of West Virginia has found that the plain meaning of W.Va.Code § 46A-2-122 requires that the provisions of the Act regulating debt collection practices in consumer credit sales "be applied alike to all who engage in debt collection, be they professional debt collectors or creditors collecting their own debts." Syl. pt. 3, Thomas v. Firestone Tire and Rubber Company, 164 W.Va. 763, 266 S.E.2d 905 (1980) (emphasis added). Universal necessarily falls within the definition of debt collector, since it is an organization that has taken action to collect a claim from a consumer.[1]
Does it make a difference that the demand for costs and attorney's fees was made by Universal's counsel in the course of litigation? Though Debtor did not sue Universal's counsel and Universal did not physically file the complaint, principles of agency law impute liability to Universal for the acts of its attorney. Debtor has not established that Counsel for Universal had actual authority to seek costs and attorney's fees. Nonetheless, the evidence before the court establishes Counsel's apparent authority to do so. The Universal Card Membership Agreement provides for the recovery of collection costs and attorney's fees from the cardholder upon a default in payment. Counsel for Universal filed a complaint on behalf of Universal attempting to enforce this provision and also demanding costs and attorney's fees in the prayer for relief. Additionally, a representative of Universal was present at the trial held on April 26, 2001 to aid in the prosecution of the complaint.
The Court further finds that the use of the judicial process does not shield Universal from liability. Nowhere in the WVCCPA is there an exception for attorneys who use the judicial process to collect a debt either for themselves or while representing a debt collector. A demand for attorneys fees and costs, even in the course of litigation, could have a substantial coercive impact on a debtor, particularly a pro se debtor. It is possible that a debtor, who has no reason to believe that a Court would not grant a request for costs and fees, would be induced to settle a nondischargeability proceeding rather than risk incurring even greater debt. Debtor in this case filed a voluntary Chapter 7 petition pro se and did not obtain counsel until after this adversary proceeding was filed by Universal.

II. SPECIFIC VIOLATIONS OF THE ACT
Having concluded that Universal qualifies as a debt collector under the Act, the Court will next consider the alleged violations. Debtor contends that Universal used "Unfair or Unconscionable Means" to collect its debt in violation of W. Va.Code § 46A-2-128. That section provides:

*793 No debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
(c) The collection or the attempt to collect from the consumer all or any part of the debt collector's fee or charge for services rendered. . . .
Paragraph 15 of Universal's complaint states: "The credit facility with the Bank provides that in the event of nonpayment and/or default, the bank may recover its costs, attorney's fees and interest." Universal again asks for attorney fees and costs along with a judgment against the Debtor in its prayer for relief. It is obvious to the Court, as would be to anyone who reads the Complaint, that Universal is attempting to collect its costs and attorney's fees in addition to the underlying obligation. Though the card member agreement purports to give Universal the authority to collect fees and costs with impunity, a "consumer may not waive or agree to forego rights or benefits" under the Act unless the Act expressly permits such a waiver. W.Va.Code § 46A-1-107.
Additionally, W.Va.Code § 46A-2-128(d) prohibits the collection of incidental fees and costs even if expressly authorized by the agreement creating the obligation unless the fee or cost is also authorized by statute. Article 3 of the WVCCPA sets forth permissible fees that may be charged on a consumer credit sale. W. Va.Code § 46A-3-101, et. seq. Attorney's fees and collection costs are not included. Therefore, Universal's attempt to collect attorney's fees and costs violated W. Va.Code § 46A-2-128.
Debtor next argues that Universal violated § 46A-2-127, titled Fraudulent, Deceptive or Misleading Representations. That section provides:
No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section: . . .
(g) Any representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees may not be legally added to the existing obligation.
The representations made by Universal in its complaint, that it is entitled to recover its attorneys' fees and costs, are misleading and deceptive, since section 128 clearly prohibits the collection of attorney's fees and costs. Accordingly, Universal has violated W.Va.Code § 46A-2-127.
Finally, Debtor alleges that Universal violated W.Va.Code § 46A-2-124, titled Threats or Coercion. That section provides:
No debt collector shall collect or attempt to collect any money alleged to be due and owing by means of any threat, coercion or attempt to coerce. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section: . . .
(f) The threat to take any action prohibited by the Act or other law regulating the debt collector's conduct.
As discussed in Firestone 266 S.E.2d at 905, effect must be given to the plain language of the WVCCPA. It is clear that Section 124 was enacted to protect consumers from intimidating and threatening communications. There has been no evidence offered by the Debtor to prove that Universal or it's attorney made any contact *794 with the Debtor by letter or otherwise that would constitute a threatening communication while attempting to collect a debt. In bringing this adversary proceeding, Universal represented that Debtor's obligation may be increased by attorney's fees and costs (a violation of section 127) and also attempted to collect its fees and costs through this judicial proceeding (a violation of section 128), but the Court finds that these particular representations and actions do not amount to a threat as contemplated by the drafters of W.Va.Code § 46A-2-124.

III. DAMAGES
"If a creditor has violated the provisions of this chapter applying to . . . any prohibited debt collection practice . . . the consumer has a cause of action to recover actual damages and in addition a right in an action to recover . . . a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars." W.Va.Code § 46A-5-101(1). The penalty provided under section 101 may be adjusted for inflation from the time the Act became operative, September 1, 1974, to the time of the award of damages in an amount equal to the consumer price index. W.Va.Code § 46A-5-106. Further, each act of a debt collector which violates the WVCCPA creates a single cause of action to recover a single penalty. Sturm v. Providian National Bank, 242 B.R. 599 (S.D.W.Va.1999).
Though the Court finds that Universal violated two provisions of the WVCCPA through the actions of its attorney, the violations relate to only one act, the request for costs and attorney's fees set forth in the Complaint. Therefore, the Court finds that Debtor is entitled to a statutory penalty in the amount of $1,753.00.[2] The Court also finds that Debtor is entitled to her costs and attorney's fees in prosecuting this counterclaim.[3] It is accordingly,
ORDERED that judgment is entered in favor of Debtor on her Counterclaim against Universal in the amount $1,753.00 plus costs and attorney's fees in bringing this counterclaim. It is further,
ORDERED that Debtor's Counsel submit a revised affidavit setting forth costs and fees in defending the nondischargeability action as well as in prosecuting the Counterclaim.
NOTES
[1] For purposes of Article 2, "claim" means an obligation to pay money arising out of a transaction which is "primarily for personal, family or household purposes." W.Va.Code § 46A-2-122(b). The debt which is the subject of Universal's action qualifies as a claim.
[2] 2001 Penalty = September 1974 Penalty × (Nov. 2001 CPI / September 1974 CPI) $1,753 = $500 × (177.4 / 50.6).
[3] The Court awarded Debtor costs and attorney fees in the underlying nondischargeability action. A review of the affidavit of Debtor's counsel setting forth costs and fees pursuant to the Court's Order, reveals that costs and fees associated with prosecuting the counterclaim may be included in that affidavit.