771 F.2d 791
 13 Collier Bankr.Cas.2d 586, Bankr. L. Rep. P 70,721
In the Matter of Thomas A. TRESSLER and Judy A. Tressler, Debtors.
UNION BANK & TRUST CO., ERIE, Plaintiff,
v.
R. Perrin BAKER, Esq., Trustee and Thomas A. Tressler and
Judy A. Tressler, Defendants.
Appeal of R. Perrin BAKER, Trustee defendant, above named
and counter claimant, Appellant.
 No. 85-3037.
 United States Court of Appeals,
Third Circuit.
 Argued Aug. 15, 1985.
Decided Sept. 4, 1985.
 
 R. Perrin Baker (argued), McClure, Dart, Miller, Kelleher & White, Erie, Pa., for appellant.
 James J. Stuczynski (argued), Ely & Bernard, Erie, Pa., for Union Bank & Trust Co., Erie.
 Before ADAMS, GIBBONS and WEIS, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge:
 
 
 1
 R. Perrin Baker, a Chapter 13 trustee, appeals from a final order of the district court granting the appellee, Union Bank and Trust Company, relief from the automatic stay provision of the Bankruptcy Code 11 U.S.C. Sec. 362 (1982), and dismissing his counterclaim in which he had sought to avoid the appellee's lien as a preference. Because the district court and the bankruptcy court incorrectly concluded that the "contemporaneous exchange" exception to avoidance of preferential transfers, 11 U.S.C. Sec. 547(c)(1) (1982), applied to this case, we reverse.
 
 I.
 
 2
 The facts have been stipulated by the parties. On February 9, 1984 Thomas and Judy Tressler (debtors) purchased an automobile with the proceeds of a loan obtained from the Appellee bank. The debtors signed a note for $10,343.87 excluding interest, and a security agreement which granted the bank a security interest in the automobile. On the same day the debtors took possession of the car. On February 13, 1984 the dealer mailed the necessary title and security documents to P.A.A. Services, Inc., a company which provides title transfer services. P.A.A. apparently received the documentation on February 17, 1984, and some time thereafter forwarded the material to the Pennsylvania Department of Transportation. The Department issued a certificate of title on February 27, 1984, listing the Appellee Bank as the lienor. On May 3, 1984 the debtors filed a Chapter 13 petition in bankruptcy. The Bank moved for relief from automatic stay, relying on its security interest. The trustee filed a counterclaim seeking to avoid the bank's security interest as a preference under 11 U.S.C. Sec. 547(b). The parties stipulated that the security interest is avoidable under Sec. 547(b) unless the exceptions set forth in 11 U.S.C. Sec. 547(c)(1) or Sec. 547(c)(3) apply. The bankruptcy court determined that the "contemporaneous exchange" exception applied and granted relief from the automatic stay. On December 21, 1984 the district court affirmed the bankruptcy court's ruling, and adopted its rationale. The trustee appealed.
 
 II.
 
 3
 In accordance with the parties' stipulation to the avoidability of the transfer under Sec. 547(b) absent the applicability of either the Sec. 547(c)(3) "purchase money security interest" exception or the Sec. 547(c)(1) "contemporaneous exchange" exception, we turn to applicability of those exceptions to the instant case.
 
 
 4
 In 11 U.S.C. Sec. 547(c)(3) Congress set forth the requirements which must be met if the grant of a purchase money security interest within 90 days of the filing of a petition in bankruptcy is to be shielded from avoidance under Sec. 547(b). Section 547(c)(3) provides:
 
 
 5
 (c) The trustee may not avoid under this section a transfer--
 
 
 6
 * * *
 
 
 7
 (3) of a security interest in property acquired by the debtor--
 
 
 8
 (A) to the extent such security interest secures new value that was--
 
 
 9
 (i) given at or after the signing of a security agreement that contains a description of such property as collateral;
 
 
 10
 (ii) given by or on behalf of the secured party under such agreement;
 
 
 11
 (iii) given to enable the debtor to acquire such property; and
 
 
 12
 (iv) in fact used by the debtor to acquire such property; and
 
 
 13
 (B) that is perfected before 10 days after such security interest attaches....
 
 
 14
 Id.[1] The parties agree that the four conditions under subsection (A) have been met, but they differ in their interpretations of subsection (B).
 
 
 15
 In order to arrive at a solution we must examine the state statutes which deal with questions of attachment and perfection. In Pennsylvania a security interest attaches when the debtor has signed a security agreement describing the collateral, value has been given, and the debtor has rights in the collateral. 13 Pa.Cons.Stat.Ann. Sec. 9203 (Purdon 1984). Hence, in the instant case the security interest attached on February 9, 1984, the date the debtors received the loan, executed the security agreement and took possession of the automobile.
 
 
 16
 With regard to perfection of a security interest in a motor vehicle, a provision in the state commercial code, 13 Pa.Cons.Stat.Ann. Sec. 9302(c)(2), directs us to the motor vehicle code for the controlling authority. The relevant statutory provision is unambiguous.
 
 
 17
 Sec. 1132. Perfection of security interest.
 
 
 18
 * * *
 
 
 19
 (b) Method of perfection--A security interest is perfected by notation thereof by the department on the certificate of title for the vehicle. In order to obtain such notation the lienholder shall deliver to the department the existing certificate of title, if any; an application for a certificate of title upon a form prescribed by the department containing the name and address of the lienholder; and any other information regarding the security interest as may be reasonably required and the required fee.
 
 
 20
 75 Pa.Cons.Stat.Ann. Sec. 1132(b) (Purdon 1984) (emphasis supplied). We are further instructed that the procedure set forth in Sec. 1132(b) is the only permissible way to perfect a security interest in an automobile. 13 Pa.Cons.Stat.Ann. Sec. 9302(d) (Purdon 1984); 75 Pa.Cons.Stat.Ann. Sec. 1137 (Purdon 1984). Thus in Pennsylvania a security interest in a car is perfected on the date the Department of Transportation issues a certificate of title bearing the name of the lienholder. We conclude that the security interest in the instant case was perfected on February 27, 1984, the day the Department of Transportation issued a certificate of title noting the appellee as the secured party. Since the security interest was perfected 18 days after it attached, the 10 day requirement in 11 U.S.C. Sec. 547(c)(3)(B) was not satisfied. We are unpersuaded by the bank's argument that the Department's lack of efficiency in issuing titles should somehow provide the basis for an exception to the federal 10 day perfection requirement. The solution to this problem, if such a problem indeed exists, should be pursued in Harrisburg by seeking appropriate legislative action, rather than by seeking, in this court, an exception to the clear congressional command in Sec. 547(c)(3)(B).
 
 
 21
 Similarly we can find no support for the bank's argument that the security interest was perfected on the date it was marked as "received" by the Department of Transportation. We, therefore, hold that because the security interest was perfected more than 10 days after it attached, the "purchase money security interest" exception does not apply to protect the bank's lien from avoidance under 11 U.S.C. Sec. 547(b).
 
 
 22
 We next consider whether the "contemporaneous exchange" exception of 11 U.S.C. Sec. 547(c)(1) applies. That section provides:
 
 
 23
 (c) The trustee may not avoid under this section a transfer--
 
 
 24
 (1) to the extent that such transfer was--
 
 
 25
 (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
 
 
 26
 (B) in fact a substantially contemporaneous exchange....
 
 
 27
 11 U.S.C. Sec. 547(c)(1) (1982).
 
 
 28
 The bank urges that this section should apply because its transaction with the debtors was intended by both parties as a contemporaneous exchange, and that the 18 day delay in perfection did not prevent the transaction from being "substantially contemporaneous." Under this argument certain purchase money security interests not perfected in accordance with the 10 day requirement in Sec. 547(c)(3) could be protected from avoidance by bringing the entire transaction under what the appellee believes to be the broader umbrella of Sec. 547(c)(1).
 
 
 29
 Other circuit courts have been invited to give Sec. 547(c)(1) the expansive reading presently being advanced by the Bank. These courts have refused to read Sec. 547(c)(1) so broadly. In re Vance, 721 F.2d 259 (9th Cir.1983); In re Davis, 734 F.2d 604, 605 (11th Cir.1984); In re Arnett, 731 F.2d 358 (6th Cir.1984) (dicta ). We too decline to adopt an interpretation of Sec. 547(c)(1) which is unsupported by its legislative history, and violative of the rules of statutory construction.
 
 
 30
 We recognize that the legislative history of the "contemporaneous exchange" exception is sparse, but what there is of it nowhere suggests that Congress intended the exception to have such a broad reach. Indeed, the legislative history indicates that Congress was concerned about protecting purchases by check from being avoided as preferential. See S.Rep. No. 989, 95th Cong., 2d Sess. 88, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5874; H.Rep. No. 595, 95th Cong., 2d Sess. 373, reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6329.
 
 
 31
 Moreover, such an expansive reading of Sec. 547(c)(1) renders Sec. 547(c)(3) a vestigial appendage to the statute. This unacceptable consequence has been recognized by the three circuits presented with arguments for extensions of Sec. 547(c)(1). In re Vance, supra, 721 F.2d at 262; In re Davis, supra, 734 F.2d at 607; In re Arnett, supra, 731 F.2d at 362. We agree with those circuits and conclude that under the principles of statutory construction all the provisions of Sec. 547(c) must be given effect. See Colautti v. Franklin, 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979); Jarecki v. G.D. Searle, 367 U.S. 303, 307, 81 S.Ct. 1579, 1582, 6 L.Ed.2d 859 (1961); United States v. Palmeri, 630 F.2d 192, 199, cert. denied, 450 U.S. 967, 101 S.Ct. 1484, 67 L.Ed.2d 616 (1981). Congress could hardly have been more clear in describing the elements of an enabling loan, and in setting forth the procedure to which a creditor must adhere in order to prevent his purchase money security interest from being avoided as a preference. Until such time as Congress instructs us otherwise, we refuse to read Sec. 547(c)(3) out of existence by impermissibly expanding the scope of Sec. 547(c)(1).
 
 III.
 
 32
 We therefore hold that the "contemporaneous exchange exception" in 11 U.S.C. Sec. 547(c)(1) may not be used to prevent the avoidance of a purchase money security interest perfected beyond the 10 day period permitted in Sec. 547(c)(3). Since the district court misconstrued Sec. 547(c)(1), the judgment appealed from must be reversed.
 
 
 33
 ADAMS, Circuit Judge, concurring.
 
 
 34
 I concur in the judgment reached by the majority, but because I arrive at the result by a somewhat different route, I write separately to explain my position. Specifically, I believe that the conclusion reached by the Court today can be attained by limiting ourselves to an interpretation of the Federal Bankruptcy Act, and without undertaking to construe the Pennsylvania Motor Vehicle Code. Such a position is preferable, in my view, for two reasons: first, I do not believe that a federal court should interpret a state statute that has never been previously interpreted by a state court unless such a construction is necessary to adjudicate a dispute. And, second, I am not as confident as the majority that its interpretation of the Pennsylvania Motor Vehicle Code, 75 Pa.Cons.Stat.Ann. Sec. 1132(b) (Purdon 1984), comports with the intent of the Pennsylvania Legislature. I find Sec. 1132(b) less clear than does the majority and would leave the task of clarifying it to the Pennsylvania courts. However, because I believe that Union Bank has failed to carry its burden of proving that it perfected its lien within the 10 day period provided by 11 U.S.C. Sec. 547(c)(3)(B) (1982), I join the majority in reversing the district court's order.
 
 
 35
 The Federal Bankruptcy Act, 11 U.S.C. Sec. 547(b) (1982), provides that a trustee in bankruptcy "may avoid any transfer of property of the debtor ... made ... on or within 90 days before the date of the filing of the petition...." The parties in this action agree that the Bank's security interest is a preferential transfer, avoidable under Sec. 547(b), unless one of the exceptions provided in 11 U.S.C. Sec. 547(c) is available. I concur with the majority that Sec. 547(c)(1), which protects "substantially contemporaneous exchange[s]" from avoidance under Sec. 547(b), was not intended to be applied to a case such as this one. Thus, in order to enforce its security interest, the Bank must persuade the Court that its lien falls within the precise terms of Sec. 547(c)(3), which provides an exception for certain purchase money loans. That subsection states that a trustee "may not avoid ... a transfer ... of a security interest in property acquired by the debtor ... that is perfected before 10 days after such security interest attaches...." Union Bank, as the party seeking to enforce its lien under one of the exceptions to Sec. 547(b), has the burden of proving that its security interest falls within that exception. See In re Tinnell Traffic Services, Inc., 43 B.R. 277, 279 (Bankr.M.D.Tenn.1984); In re Georgia Steel, Inc., 38 B.R. 829, 838 (Bankr.M.D.Ga.1984); In re Haynes, 28 B.R. 136, 137 (Bankr.M.D.Tenn.), aff'd 33 B.R. 118 (D.C.M.D.Tenn.1983).[1]
 
 
 36
 To determine whether Union Bank perfected its security interest within the 10 day period established by Sec. 547(c)(3)(B), we must look to state law. See In re Vodco Volume Development Co., Inc., 567 F.2d 967, 960 (10th Cir.1977), cert. denied, 439 U.S. 806, 99 S.Ct. 62, 58 L.Ed.2d 98 (1978). The Pennsylvania Motor Vehicle Code, 75 Pa.Cons.Stat.Ann. Sec. 1132(b), establishes the method by which a security interest in an automobile is perfected. It states that "[a] security interest is perfected by notation thereof by the department [of motor vehicles] on the certificate of title for the vehicle." It goes on to describe the method by which a lienholder may obtain such notation. A definitive construction of this provision has yet to be rendered by the Pennsylvania courts. It seems plausible that the statute could be interpreted to require only the filing of the necessary documents by the lienholder with the Department of Motor Vehicles [DMV], rather than issuance of the certificate of title by the DMV, to establish the date of perfection of a security interest.
 
 
 37
 However, while arguing that Sec. 1132(b) should be read by this Court to establish the date of filing with the DMV as the date of perfection of a security interest, Union Bank has failed to carry its burden of proving the date on which its documents were filed with the DMV. Thus, even if we were to read the Pennsylvania statute as suggested by the Bank, we could not find that it perfected its lien on the automobile within the 10 day period established by Sec. 547(c)(3)(B) of the Bankruptcy Act.
 
 
 38
 Because Union Bank has failed to carry its burden of proving that it timely perfected its security interest under any reading of Sec. 1132(b), I would not reach the question of the correct interpretation of that provision. Inasmuch as the Bank has failed to establish that it perfected its lien within the period provided by Sec. 547(c)(3), I agree that the lien is avoidable and that therefore the district court judgment must be reversed.
 
 
 
 [1]
 This and all other statutory references do not reflect the 1984 amendments to the Act, since these amendments only apply to cases filed after October 8, 1984. Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, Sec. 553, 98 Stat. 333, 392 (1984). This case was filed on May 3, 1984
 
 
 [1]
 This rule was made part of the statute by amendment, effective with respect to all cases filed after October 8, 1984. See 11 U.S.C.A. Sec. 547(g) (West Supp.1985). The amendment was intended to codify what the Committee perceived as the accepted rule regarding the burden of proof under Sec. 547(c). See S.Rep. No. 65, 98th Cong., 1st Sess. 81 (1983) (describing the addition of the new subsection as a "stylistic change")