OPINION OF THE COURT
GIBBONS, Circuit Judge:
R. Perrin Baker, a Chapter 13 trustee, appeals from a final order of the district court granting the appellee, Union Bank and Trust Company, relief from the automatic stay provision of the Bankruptcy Code 11 U.S.C. § 362 (1982), and dismissing his counterclaim in which he had sought to avoid the appellee’s lien as a preference. Because the district court and the bankruptcy court incorrectly concluded that the “contemporaneous exchange” exception to avoidance of preferential transfers, 11 U.S.C. § 547(c)(1) (1982), applied to this case, we reverse.
I.
The facts have been stipulated by the parties. On February 9, 1984 Thomas and Judy Tressler (debtors) purchased an automobile with the proceeds of a loan obtained from the Appellee Bank. The debtors signed a note for $10,343.87 excluding interest, and a security agreement which granted the bank a security interest in the automobile. On the same day the debtors took possession of the car. On February 13, 1984 the dealer mailed the necessary title and security documents to P.A.A. Services, Inc., a company which provides title transfer services. P.A.A. apparently received the documentation on February 17, 1984, and some time thereafter forwarded the material to the Pennsylvania Department of Transportation. The Department issued a certificate of title on February 27, 1984, listing the Appellee Bank as the lien- or. On May 3, 1984 the debtors filed a Chapter 13 petition in bankruptcy. The Bank moved for relief from automatic stay, relying on its security interest. The trustee filed a counterclaim seeking to avoid the bank’s security interest as a preference under 11 U.S.C. § 547(b). The parties stipulated that the security interest is avoidable under § 547(b) unless the exceptions set forth in 11 U.S.C. § 547(c)(1) or § 547(c)(3) apply. The bankruptcy court determined that the “contemporaneous exchange” exception applied and granted relief from the automatic stay. On December 21, 1984 the district court affirmed the bankruptcy court’s ruling, and adopted its rationale. The trustee appealed.
II.
In accordance with the parties’ stipulation to the avoidability of the transfer under § 547(b) absent the applicability of either the § 547(c)(3) “purchase money security interest” exception or the § 547(c)(1) “contemporaneous exchange” exception, we turn to applicability of those exceptions to the instant case.
In 11 U.S.C. § 547(e)(3) Congress set forth the requirements which must be met if the grant of a purchase money security interest within 90 days of the filing of a petition in bankruptcy is to be shielded from avoidance under § 547(b). Section 547(c)(3) provides:
(c) The trustee may not avoid under this section a transfer-
ís) of a security interest in property acquired by the debtor—
(A) to the extent such security interest secures new value that was—
(i) given at or after the signing of a security agreement that contains a description of such property as collateral;
(ii) given by or on behalf of the secured party under such agreement;
(iii) given to enable the debtor to acquire such property; and
(iv) in fact used by the debtor to acquire such property; and
(B) that is perfected before 10 days after such security interest attaches —
Id.[1] The parties agree that the four conditions under subsection (A) have been met, *793 but they differ in their interpretations of subsection (B).
In order to arrive at a solution we must examine the state statutes which deal with questions of attachment and perfection. In Pennsylvania a security interest attaches when the debtor has signed a security agreement describing the collateral, value has been given, and the debtor has rights in the collateral. 13 Pa.Cons.Stat. Ann. § 9203 (Purdon 1984). Hence, in the instant case the security interest attached on February 9, 1984, the date the debtors received the loan, executed the security agreement and took possession of the automobile.
With regard to perfection of a security interest in a motor vehicle, a provision in the state commercial code, 13 Pa. Cons.Stat.Ann. § 9302(c)(2), directs us to the motor vehicle code for the controlling authority. The relevant statutory provision is unambiguous.
§ 1132. Perfection of security interest.
(b) Method of perfection — A security interest is perfected by notation thereof by the department on the certificate of title for the vehicle. In order to obtain such notation the lienholder shall deliver to the department the existing certificate of title, if any; an application for a certificate of title upon a form prescribed by the department containing the name and address of the lienholder; and any other information regarding the security interest as may be reasonably required and the required fee.
75 Pa.Cons.Stat.Ann. § 1132(b) (Purdon 1984) (emphasis supplied). We are further instructed that the procedure set forth in § 1132(b) is the only permissible way to perfect a security interest in an automobile. 13 Pa.Cons.Stat.Ann. § 9302(d) (Purdon 1984); 75 Pa.Cons.Stat.Ann. § 1137 (Purdon 1984). Thus in Pennsylvania a security interest in a car is perfected on the date the Department of Transportation issues a certificate of title bearing the name of the lienholder. We conclude that the security interest in the instant case was perfected on February 27, 1984, the day the Department of Transportation issued a certificate of title noting the appellee as the secured party. Since the security interest was perfected 18 days after it attached, the 10 day requirement, in 11 U.S.C. § 547(c)(3)(B) was not satisfied. We are unpersuaded by the Bank’s argument that the Department’s lack of efficiency in issuing titles should somehow provide the basis for an exception to the federal 10-day perfection requirement. The solution to this problem, if such a problem indeed exists, should be pursued in Harrisburg by seeking appropriate legislative action, rather than by seeking, in this court, an exception to the clear congressional command in § 547(c)(3)(B).
Similarly we can find no support for the Bank’s argument that the security interest was perfected on the date it was marked as “received” by the Department of Transportation. We, therefore, hold that because the security interest was perfected more than 10 days after it attached, the “purchase money security interest” exception does not apply to protect the Bank’s lien from avoidance under 11 U.S.C. § 547(b).
We next consider whether the “contemporaneous exchange” exception of 11 U.S.C. § 547(c)(1) applies. That section provides:
(c) The trustee may not avoid under this section a transfer—
(1) to the extent that such transfer was—
(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
(B) in fact a substantially contemporaneous exchange____
11 U.S.C. § 547(c)(1) (1982).
The Bank urges that this section should apply because its transaction with the debt *794 ors was intended by both parties as a contemporaneous exchange, and that the 18-day delay in perfection did not prevent the transaction from being “substantially contemporaneous.” Under this argument certain purchase money security interests not perfected in accordance with the 10-day requirement in § 547(c)(3) could be protected from avoidance by bringing the entire transaction under what the appellee believes to be the broader umbrella of § 547(c)(1).
Other circuit courts have been invited to give § 547(c)(1) the expansive reading presently being advanced by the Bank. These courts have refused to read § 547(c)(1) so broadly. In re Vance, 721 F.2d 259 (9th Cir.1983); In re Davis, 734 F.2d 604 (11th Cir.1984); In re Arnett, 731 F.2d 358 (6th Cir.1984) (dicta). We too decline to adopt an interpretation of § 547(c)(1) which is unsupported by its legislative history, and violative of the rules of statutory construction.
We recognize that the legislative history of the “contemporaneous exchange” exception is sparse, but what there is of it nowhere suggests that Congress intended the exception to have such a broad reach. Indeed, the legislative history indicates that Congress was concerned about protecting purchases by check from being avoided as preferential. See S.Rep. No. 989, 95th Cong., 2d Sess. 88, reprinted in 1978 U.S. Code Cong. & Ad.News 5787, 5874; H.Rep. No. 595, 95th Cong., 2d Sess. 373, reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6329.
Moreover, such an expansive reading of § 547(c)(1) renders § 547(c)(3) a vestigial appendage to the statute. This unacceptable consequence has been recognized by the three circuits presented with arguments for extensions of § 547(c)(1). In re Vance, 721 F.2d at 262; In re Davis, 734 F.2d. at 607; In re Arnett, 731 F.2d at 362. We agree with those circuits and conclude that under the principles of statutory construction all the provisions of § 547(c) must be given effect. See Colautti v. Franklin, 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979); Jarecki v. G.D. Searle, 367 U.S. 303, 307, 81 S.Ct. 1579, 1582, 6 L.Ed.2d 859 (1961); United States v. Palmeri, 630 F.2d 192, 199, cert. denied, 450 U.S. 967, 101 S.Ct. 1484, 67 L.Ed.2d 616 (1981). Congress could hardly have been more clear in describing the elements of an enabling loan, and in setting forth the procedure to which a creditor must adhere in order to prevent his purchase money security interest from being avoided as a preference. Until such time as Congress instructs us otherwise, we refuse to read § 547(c)(3) out of existence by impermissibly expanding the scope of § 547(c)(1).
III.
We therefore hold that the “contemporaneous exchange exception” in 11 U.S.C. § 547(c)(1) may not be used to prevent the avoidance of a purchase money security interest perfected beyond the 10-day period permitted in § 547(c)(3). Since, the district court misconstrued § 547(c)(1), the judgment appealed from must be reversed.

. This and all other statutory references do not reflect the 1984 amendments to the Act, since these amendments only apply to cases filed after October 8, 1984. Bankruptcy Amendments *793 and Federal Judgeship Act of 1984, Pub.L. No. 98-353, § 553, 98 Stat. 333, 392 (1984). This case was filed on May 3, 1984.