# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

99-6007MN

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| DORHOLT, INC., | * | |
| | * | |
| Debtor, | * | |
| | * | |
| MAJORIE DORHOLT, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Appellant, | * | District of Minnesota |
| | * | |
| v. | * | |
| | * | |
| DWIGHT R.J. LINQUIST, | * | |
| | * | |
| Appellee. | * | |

---

Submitted: July 20, 1999
Filed: September: October 4, 1999

---

Before KOGER, Chief Judge, SCHERMER, and SCOTT, Bankruptcy Judges

SCOTT, Bankruptcy Judge

The Trustee brought an action against Marjorie Dorholt to avoid a transfer that the Debtor made to her within the ninety day preference period. The bankruptcy court avoided the transfer and Dorholt appeals. We reverse the decision of the bankruptcy court on an issue of law.

## BACKGROUND

Within ninety days preceding the filing of the Debtor's Chapter 7 case, Marjorie Dorholt loaned the Debtor $100,950.00. At the time of the loan, the Debtor signed and delivered to Dorholt a security agreement, granting a security interest in the Debtor's inventory, accounts receivable, fixtures, and equipment. Due to an error by Dorholt's agent in filing the Uniform Commercial Code's financing statement referencing the transaction, it was not properly recorded until sixteen days after the loan was made.

The trustee brought an action under 11 U.S.C. § 547 to avoid the transfer of the security interest to Dorholt. Dorholt acknowledged that the trustee could prove each of the elements of preference under 11 U.S.C. § 547(b), but asserted the contemporaneous exchange for new value defense of 11 U.S.C. § 547(c)(1). Because Dorholt did not perfect her security interest in the Debtor's property for sixteen days after the grant of the security interest, the bankruptcy court held that the ten day requirement of section 547(e)(2) had not been met and avoided the transfer.

The parties agree that no material facts are in dispute. The issues before us are legal and not factual, and accordingly, our standard of review is de novo. See In re O'Brien, 178 F.3d 962, 966 (8th Cir. 1999).

## DISCUSSION

Section 547 of the Bankruptcy Code establishes the trustee's right to avoid preferences made to creditors prior to bankruptcy. Section 547(b) establishes the elements required to be proved by the trustee in order to avoid the transfer of an interest in property. Subsection (c) establishes a number of defenses to the avoidance powers. Section 547(c)(1) provides that the trustee may not avoid an otherwise preferential transfer:

> (1) to the extent such transfer was–
>
> (A) intended by the debtor and creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>
> (B) in fact a substantially contemporaneous exchange.

2

Thus, to establish a defense under section 547(c)(1), the recipient of the transfer must show by a preponderance of the evidence that both parties intended the transfer to be a contemporaneous exchange for new value and that the exchange was, in fact, contemporaneous. Bergquist v. Fidelity Mortgage Decisions Corp. (In re Alexander), 219 B.R. 255, 260 (Bankr. D. Minn. 1998). Cf. Official Plan Committee v. Expediters Int'l of Washington, Inc. (In re Gateway Pacific Corp.), 153 F.3d 915, 917 (8th Cir. 1998). Although the parties agree that they intended the transfer to be a contemporaneous exchange for new value, their intention is insufficient to permit Dorholt to prevail under section 547(c)(1) if the exchange is not actually or "in fact" substantially contemporaneous. Jones Truck Lines v. Central States, Southeast and Southwest Areas Pension Fund (In re Jones Truck Lines, Inc.), 130 F.3d 323, 327 (8th Cir. 1997).

In addition, section 547(e) establishes certain rules for determining when a transfer or perfection occurs:

> (e)(2)   For purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made – ***
>
>> (B) At the time such transfer is perfected, if such transfer is perfected after such 10 days.***
>
> (3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

Thus, section 547(e)(2)(B) establishes that if perfection occurs more than ten days after the transfer takes effect, the transfer occurs at the time of perfection.

At the time the Debtor signed and delivered its security agreement to Dorholt, the Debtor made a transfer of an interest in its property.  11 U.S.C. § 101(54).  In exchange, Dorholt transferred $100,950.00 of value to the Debtor.  This transfer of cash was not for or on account of an antecedent debt, and accordingly, was not a preferential transfer.  However, sixteen days later, when Dorholt recorded the financing statement in order to perfect her lien, another transfer of an interest in the Debtor's property took place.  It was at this time that perfection of the lien became effective as to third parties, i.e., at the time of recordation.  This second transfer was for or on account of an antecedent debt unless otherwise protected.

3

That is the effect of section 547(e). Section 547(e) defines the date of the transfer and serves to clarify that the perfection is on account of an antecedent debt. Under section 547(e)(2)(A), had the security interest been recorded within ten days of its delivery, the date upon which it became effective between the parties (i.e., between the Debtor and Creditor), the transfer (perfection) would have been deemed made on the date of the loan and, thus, not on account of an antecedent debt and no defense is required.[1] Since the perfection occurred sixteen days after the loan, however, it constituted a transfer on account of an antecedent debt and a defense to overcome this presumption must be made and proved. That is, section 547(c)(1) may then be analyzed to determine whether the transfer is excepted from the trustee's avoidance powers.

The question before the Court, therefore, is whether a transfer of a nonpurchase money security interest[2] that is not perfected within ten days is, as a matter of law, precluded from being a "substantially contemporaneous exchange." In the instant case, there is no dispute that the elements of the trustee's avoidance action under section 547(b) and the first element of the defense, that the parties intended the transfers to be contemporaneous, have been met.

Two conflicting lines of authority have developed to answer this question. Ray v. Security Mutual Finance Corp. (In re Arnett), 731 F.2d 358 (6th Cir. 1984), holds that an exchange involving a security transaction cannot be substantially contemporaneous unless perfection occurs within the ten day grace period of section 547(e)(2). The other line of authority, led by the Seventh Circuit's decision in Pine Top Insurance Co. v. Bank of America Nat'l Trust Savings Ass'n, 969 F.2d 321 (7th Cir. 1992), holds that substantially

---

[1]Section 547(e) is also important in that by establishing the date of a transfer, it affects the calculation of the preference period. Indeed, under this subsection, transfers actually occurring between the parties outside the preference period may be deemed to have been made within the preference period.

[2]If the security is a purchase money security interest, section 547(c)(1) is generally considered not to apply. Rather, section 547(c)(3), which establishes a specific time limit for perfection of such interests, applies. See generally Bergquist v. Fidelity Mortgage Decisions Corp. (In re Alexander), 219 B.R. 255 (Bankr. D. Minn. 1998).

4

contemporaneous is a flexible term and that case by case analysis is required. Alexander, 219 B.R. at 260. We believe that the case authority, reflected by Pine Top Insurance Co., 969 F.2d 321 (7th Cir. 1992), and Dye v. Rivera (In re Marino), 193 B.R. 907 (B.A.P. 9th Cir. 1996), aff'd, 117 F.3d 1425 (9th Cir.1997) to be the better reasoned analysis of the law.[3]

The courts addressing this issue have found the statute to be somewhat ambiguous in the context of factual situations similar to the one before the court and have thus turned to a review of the legislative intent, the overall statutory context, and the purposes of the statute. Although there is room for argument, the statute is not quite so ambiguous when each word is given meaning. Section 547(c)(1)(B), the prong of the defense in issue, simply states that the transfer must be a substantially contemporaneous exchange in fact. The ambiguity arises when one imports into this element the definition of transfer in section 547(e)(2)(B). As a matter of statutory interpretation, the fact that if perfection occurs more than ten days after the transfer, then the transfer occurs at the time of perfection, does not logically require that substantially contemporaneous be confined to that ten day period. Rather, section 547(e)(2) establishes that if perfection occurs more than ten days beyond the date of transfer, it is in fact an antecedent debt. It does not necessarily follow that because it is an antecedent debt the transfer cannot be substantially contemporaneous. Section 547(c)(1), including paragraph (B) of that subsection, may then be applied

The construction placed upon the statute in Ray v. Security Mutual Finance Corporation (In re Arnett), 731 F.2d 358 (6th Cir. 1984), has the effect of nullifying the language of section 547(c)(1)(B). Section 547(c)(1) uses the language "substantially" contemporaneous. Substantially is, as indicated by the Seventh Circuit, a flexible term, rendering the contemporaneity of section 547(c)(1)(B) a flexible concept requiring a case by case inquiry into all relevant circumstances of the transfer. Pine Top Insurance Company, 969 F.2d at 328. To require as a matter of law that perfection must occur within ten days in order for a defense of contemporaneous exchange to apply, creates a definition of

---

[3]There is also a line of authorities suggesting that the statute is, or should be, limited to check or other cash transactions. "This construction of the statute has been overwhelmingly rejected." Bergquist v. Fidelity Mortgage Decisions Corp. (In re Alexander), 219 B.R. 255, 261 n.10 (Bankr. D. Minn.1998).

"substantially" that not only does not exist in the statute, but also is at odds with any conventional definition of the term. The use of a subjective term such as "substantially" would seem to preclude rather than warrant application of a specific, objective time limitation. Had Congress intended that "substantially" be the equivalent of ten days, it would have provided that, as it did, for example, in the defenses established by paragraphs 547(c)(3) and (5).

Moreover, neither policy concerns, the legislative history nor the statutory context require such a result. Any ambiguity appears to arise from the policy concerns raised by Ray v. Security Mutual Finance Corporation (In re Arnett), 731 F.2d 358 (6th Cir. 1984), rather than the language in the statute.[4] Indeed, Arnett appears to ignore the statutory language and determines that a ten day restriction must be applied because of "evidentiary problems,"[5] and because of a concern for discouraging secret liens.[6] The policy concerns raised by Arnett

---

[4] A court should not search for hidden intent or read meaning that was not intended, United States v. Cheely, 814 F. Supp. 1430 (D. Ala. 1992), aff'd, 21 F.3d 914 (9th Cir. 1994), and judicial perception that a particular result is unreasonable does not justify disregard of what Congress provided, see Comm'r v. Asphalt Products Co., 482 U.S. 117 (1987). Rather, in divining the intent of Congress, the courts look first to the language of the statute and the plain meaning of the statute is, except in rare cases, conclusive. Good Samaritan Hosp. v. Shalala, 508 U.S. 402 (1993); Norfolk and Western Ry Co. v. Am Train Dispatchers Ass'n, 499 U.S. 117 (1991).

[5] Arnett's apparent concern that litigation may occur and a court would be required to make a determination of the concept "substantially contemporaneous," Arnett, 731 F.3d 358 at 362, is a particularly restrictive view of a trial court's duties. Parties have the right to litigate factual disputes and it is the trial court's function to decide those disputes. The fact that litigation may ensue, trial on factual issues be required, or that the determination may be a subjective one are not "evidentiary problems" justifying disregard of the plain language of a statute.

[6] It is ironic, given the conclusion reached by other courts following Ray v. Security Mutual Finance Corporation (In re Arnett), 731 F.2d 358 (6th Cir. 1984), that Arnett quotes the legislative history specifically approving a thirty day delay as "substantially contemporaneous." See id. at 360. In Arnett the delay was 33 days. In the instant case, it is a mere 16 days. Even section 547(c)(3) permits a twenty day lapse of time between the transfer and the perfection.

and its line of cases are adequately addressed by implementing the language of the statute. A court determination of whether a transaction is "substantially contemporaneous," for example, necessarily takes into account the concerns regarding secret liens. The inquiry into "substantially contemporaneous" includes evidence of the length of the delay, the reason for the delay, the nature of the transactions, the intention of the parties, and the possible risk of fraud. Pine Top, 969 F.2d at 328. If there is any intent of the parties to secrete a lien, that is a relevant circumstance to be considered by the court in the factual determination. See Marino, 193 B.R. 907, 915 (B.A.P. 9th Cir. 1995)("The concern over lack of an objective standard is illusory...The concern over secret liens should also be allayed by a court's examination and consideration of the reasonableness of a delay in perfection. Where there is a reasonable and plausible explanation for the delay, there should be no concern that a creditor was recording a secret lien in anticipation of a bankruptcy.").

Section 547(e) does not serve the purpose of defining the limit of time for "substantially contemporaneous." Rather, as stated by the dissent in Arnett:

> Whether a transaction is "substantially contemporaneous" contemplates factors other than a ten day limitation, it calls for consideration of the intention of the parties and other surrounding circumstances, including the equities of the particular case. I disagree with ...[the] conclusion that "Congress has clearly struck the balance in favor of repose in this area..." This area of the law is far from "clear," and the better authority...indicates precisely to the contrary.

Arnett, 731 F.2d at 364 (Wellford, J., dissenting). Accordingly, we reverse the decision of the bankruptcy court.


SCHERMER, Bankruptcy Appellate Panel Judge, dissenting

I respectfully dissent. I believe the majority's use of a case-by-case approach to define "substantially contemporaneous" under section 547(c)(1) ignores the importance of section 547(e) as well as the type of transaction involved in the preferential transfer. I believe that to give meaning to the word "substantially," one must consider the type of

7

transfer involved, and with respect to the type of transfers addressed in section 547(e)(2), Congress has unambiguously spoken. I believe a more clear reading of section 547 recognizes Congress's pronouncement that the ten-day grace period within which security interests must be perfected if such transfers are to be "in fact" "substantially contemporaneous" provides the flexible approach the majority desires. Such a reading adds clarity to this area of preference law and gives meaning to section 547 in its entirety. In contrast, the majority's position disregards section 547(e) and its role in defining when a transfer "in fact" occurs; it overly emphasizes the intent of the parties and eviscerates the certainty afforded by section 547(e)(2)(A)'s ten-day grace period.

The Bankruptcy Code defines a "transfer" in section 101(54). For purposes of preference avoidability, however, certain transfers are not necessarily made at the time the debtor effects the transfer between himself and his creditor. Instead, section 547(e) tells us that transfers of interests in real estate or in personal property occur at the time the transfer is perfected against third parties. 5 Lawrence P. King, et al., Collier on Bankruptcy ¶ 547.05, at 547-69 (15th ed. rev. 1999). Section 547(e)(1) provides that a transfer of real estate "is perfected when a bona fide purchaser . . . cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(A). Section 547(e)(1)(B) addresses transfers of interests in fixtures or property other than real property which are perfected "when a creditor on a simple contract cannot acquire a judicial lien that is superior . . . ." Finally, section 547(e)(2) addresses perfection of security interests in personal property and states, in part, that a transfer is made--

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time, except as provided in subsection (c)(3)(B); [or]

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days . . . .

11 U.S.C. § 547(e)(2)(A) and (B).

In this case, we are asked whether perfection of a security interest in personal property occurring sixteen days after the transfer of a security interest is a "substantially contemporaneous" exchange under section 547(c)(1) or whether the ten-day relation back period of section 547(e)(2) limits its contemporaneity. Generally, a transfer is "substantially

8

contemporaneous" if it is both intended by the debtor and the creditor to be a contemporaneous exchange, and in fact, is a substantially contemporaneous exchange. 11 U.S.C. § 547(c)(1)(A) and (B). The Bankruptcy Code does not define "substantially contemporaneous," but the history of the defense reveals that the exception was intended to protect exchanges of property (primarily cash transactions) that might be considered credit transactions even though the transfers were intended to be contemporaneous. Collier on Bankruptcy ¶ 547.04[1], at 547-44.

Section 547(c)(1) was added in the Bankruptcy Reform Act of 1978. Professor Countryman explains the exception as "a simple one, excepting a transfer that is really not on account of an antecedent debt . . . ." Countryman, The Concept of a Voidable Preference in Bankruptcy, 38 Vand. L. Rev. 713, 759 (1985). Comments in the legislative history focused on its impact upon transactions by check.

> The first exception is for a transfer that was intended by all parties to be a contemporaneous exchange for new value, and was in fact substantially contemporaneous. Normally, a check is a credit transaction. However, for the purposes of this paragraph, a transfer involving a check is considered to be 'intended to be contemporaneous', and if the check is presented for payment in the normal course of affairs, which the uniform commercial code specifies as 30 days, U.C.C. § 3-503(2)(a), that will amount to a transfer that is 'in fact substantially contemporaneous.'

S. Rep. No. 95-989, at 88 (1978) reprinted in Arnold & Porter Legislative History (Westlaw 1999). See Ray v. Security Mut. Fin. Corp. (In re Arnett), 731 F.2d 358, 361 (6th Cir. 1984) (exception designed to allow use of checks where cash transaction intended without having a delay in presentment change the character of transaction from cash to credit sale).

The majority looks to the thirty-day period in the legislative history as a standard of contemporaneity for all transfers and criticizes as ironic that Arnett and its prodigy, (including this dissent) acknowledge the legislative history but continue to find security interests perfected outside the ten-day grace period of section 547(e)(2) not to be substantially contemporaneous. This criticism reveals what I believe to be the error in the majority's approach -- that is, it applies the standards of contemporaneity pertinent to transfers by check to all types of transfers. Arnett recognized this problem, stating

9

"commercial practices appropriate to the transfer of negotiable instruments are not necessarily commensurate with those involving security interests." Arnett, 731 F.2d at 362.

The Uniform Commercial Code's thirty-day provision for giving notice of dishonor of a check explains customary time limits for transfers by check. Provisions governing perfection of a security interest, however, provide other time limits. For example, section 9-304(4)(b) provides that a security interest in instruments and documents will be temporarily perfected for twenty-one days without delivery and without the filing of a financing statement. Thus, one might argue that a security interest is "substantially contemporaneous" if perfected within twenty-one days. In fact, the provisions of section 60(a)(7) of the Bankruptcy Act (which were analogous to section 547(e) of the Bankruptcy Code) provided a twenty-one-day grace period for perfection of security interests. Collier, ¶ 547.05[1], at 547-70, n. 2.

The court's purpose, however, is not to invent approaches that make accommodations to the parties' intent, but to construe legislation to effect legislative intent. Philbrook v. Glodgett, 421 U.S. 707, 713, 95 S. Ct. 1893, 1898, 44 L. Ed. 2d 525 (1975), quoted in Arnett, 731 F.2d at 360. Such intent should be gleaned from the statute itself, or if the statute is ambiguous, by reference to available legislative materials that clearly reveal the intent. Arnett, 731 F.2d at 361; see Toibb v. Radloff, 501 U.S. 157, 162, 111 S. Ct. 2197, 2200, 115 L. Ed. 2d 145 (1991) (appeals to statutory history should be taken only to resolve ambiguities). Finally, in construing a statute, courts are to consider provisions in the context of the entire statute, and are to avoid a construction of one part or provision that renders another part redundant or superfluous. Jarecki v. Searle & Co., 367 U.S. 303, 307-308, 81 S. Ct. 1579, 1582-1583, 6 L. Ed. 2d 859 (1961).

Unlike cash or check transactions, to which section 547(e) does not apply, section 547(e) specifically addresses transfers of interests in real estate, personal property, and transfers that perfect security interests. With respect to real estate and personal property, section 547(e)(1) accomplishes one task: it declares when a transfer occurs for purposes of section 547. With respect to security interests, however, section 547(e)(2) accomplishes two purposes: it specifies when perfection occurs; and it provides a grace period that permits the date of perfection to relate back to the date of the original transfer if perfection occurs within

ten days. I find the different treatment reveals Congress's intent to pronounce the amount of delay Congress considered tolerable for perfection of a security interest.

Although there is virtually no legislative history for section 547(e) to explain why the section provides a grace period for perfection of security interests but not for perfection of other transfers, it is clear that Congress has long afforded special treatment to the perfection of security interests in the area of preferential transfers. As noted, provisions analogous to section 547(e)(2) existed under the Bankruptcy Act of 1898 which provided a grace period of twenty-one days. In 1978, Congress codified the contemporaneous exchange exception originating in Dean v. Davis, 242 U.S. 438, 37 S. Ct. 130, 61 L. Ed. 419 (1917), and in so doing, specifically chose to reduce the grace period of section 547(e)(2) to ten days. At the same time, Congress added section 547(c)(3), which created an exception for perfection of purchase money security interests or "enabling loans," provided the interest was perfected before ten days after the security interest attached. In the 1994 Amendments, Congress increased to twenty days the time period in which a purchase money security interest may be perfected for purposes of the section 547(c)(3) defense, but left section 547(e)(2)'s ten-day limit unchanged. This history demonstrates that Congress has repeatedly given specialized treatment to perfection of security interests in preference law and has specifically limited the relation back period for perfection of non-purchase money security interests to a period of ten days.

Admittedly, nothing expressly mandates courts to read the grace period of section 547(e)(2) as the period of substantial contemporaneity for perfection of a security interest. However, to ignore the ten-day limit of 547(e)(2) and afford the defense to transfers outside that period depending on the facts of any giving transaction reads section 547(e)(2) out of the statute and renders it superfluous. Courts have routinely rejected giving section 547(c)(1) an expansive reading in the context of "enabling loans" and at least four courts of appeals have held that section 547(c)(1) does not apply to shield purchase money security interests perfected outside of the limits of section 547(c)(3)(B). See In re Tressler, 771 F.2d 791 (3rd Cir. 1985); In re Davis, 734 F.2d 604 (11th Cir. 1984); Arnett, 731 F.2d 358 (6th Cir. 1984); In re Vance, 721 F.2d 259 (9th Cir. 1983). To permit section 547(c)(1) to overlay the ten-day grace period of section 547(e)(2) similarly renders section 547(e)(2) superfluous. Moreover, if we permit the "substantially contemporaneous" defense of section 547(c)(1) to

11

protect from avoidance non-purchase money security interests perfected after the limits in section 547(e)(2), we create an anomalous situation in which non-purchase money security interests are handled more favorably in bankruptcy than purchase money security interests when generally the latter are favored over the former. W.T. Vick Lumber Co., Inc. v. Chadwick, 179 B.R. 283, 289 (Bankr. N.D. Ala. 1995) (citing David G. Epstein, et al., Bankruptcy, § 6-26, pp. 604-05 (1992)). As a rule of statutory construction, I believe we must read section 547 so that the general terms of section 547(c)(1) yield to the specific protections embodied in the ten-day grace period of section 547(e)(2). Id. at 289 (citing 3 William L. Norton, III, Norton on Bankruptcy Law and Practice 2d, § 57:13, pp. 57-64, 57-65 (1994)).

Finally, by focusing on the parties' intention and the reasons for the delay in perfection, the majority gives only slight recognition to the second element of 547(c)(1) which requires that the transfer must also be "in fact" "substantially contemporaneous." Section 547(e) defines the time of a transfer of a perfected security interest and states when "in fact" the transfer occurred. Use of a totality of circumstances or case-by-case standard creates difficulty for courts in determining intent and fixing time limits for contemporaneous perfection. It provides no clear standard to determine whether perfection is "substantially contemporaneous" if it occurs sixteen, thirty, thirty-three or even seven days after the transfer. I observe that although the majority's methodology following Pine Top Insur. Co. v. Bank of America Nat'l Trust Sav. Ass'n, 969 F.2d 321 (7th Cir. 1992), requires courts to inquire into the relevant circumstances of the transfer on a case-by-case basis, including the length of delay, the reason for the delay, the nature of the transactions, the intention of the parties, and the possible risk of fraud, the majority provides no analysis of these criteria to the delay in this case. Rather, the majority only states that "substantially contemporaneous" should not be limited to the grace period provided in section 547(e)(2). The opinion provides nothing more. A rule that instead requires perfection of security interests within the ten-day grace period of section 547(e)(2) adds certainty, clarity and uniformity to the law of preferential transfers and is the better rule which I would adopt. Accordingly, because the transfer occurred outside the ten-day grace period, I would affirm the decision of the bankruptcy court and set aside the transfer as preferential.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT