In re Michael Ray STEPHENS, and
Jolynn Stephens, Debtors.

J. Michael Morris, Trustee,
Appellant/Cross–
Appellee,

v.

Chisolm Trail State Bank; Michael Ray
Stephens; and Jolynn Stephens, Ap-
pellees/Cross–Appellants.

No. 99–1266–WEB.
Bankruptcy No. 97–14633–7.

United States District Court,
D. Kansas,
Wichita Division.

Nov. 19, 1999.

Garry L. Howard, Slape & Howard, Chartered, Wichita, KS, for debtor.

J. Michael Morris, Klenda, Mitchell, Austerman & Zuercher, L.L.C., Wichita, KS, for appellant.

David M. Rapp, Hinkle Elkouri Law Firm, L.L.C., Wichita, KS, J. Scott Pohl, Hinkle, Eberhart & Elkouri, L.L.C., wichita, KS, for appellee.

Anne L. Baker, Wright, Henson, Somers, Sebelius, Clark & Baker, L.L.P., Topeka, KS, for Kansas Bankers Association.

### Memorandum and Order

WESLEY E. BROWN, Senior District Judge.

This is an appeal from a judgment of the bankruptcy court denying the trustee's complaint to avoid an alleged preferential transfer under 11 U.S.C. § 547(d). The dispute concerns whether the debtors' grant of a security interest in their vehicle to the Chisolm Trail State Bank is avoidable as a preferential transfer. The interest was granted by the debtors in exchange for a loan to refinance their vehicle, and was perfected 14 days after execution of the loan and security agreements and within 90 days of the filing of the petition. The bankruptcy court found that the transfer was a "substantially contemporaneous exchange" for new value given to the debtor and was therefore not avoidable. *See* 11 U.S.C. § 547(c)(1). This court has jurisdiction of the appeal pursuant to 28 U.S.C. § 158(a)(1). The court finds that oral argument would not assist in deciding the issues presented.

### I. *Facts.*

The parties submitted the dispute to the Bankruptcy Court upon stipulated facts, which are as follows.

1. On July 21, 1997, Michael R. Stephens and Jolynn Stephens executed a credit application form, the purpose of which was to obtain refinancing on a 1991 Ford Bronco. The debtors were seeking to refinance the vehicle to obtain a lower interest rate.

2. At the time Michael R. Stephens and Jolynn Stephens executed the Credit Application, the vehicle was titled in their names and reflected Ford Motor Credit Corporation ("FMCC") as having a secured interest.

3. The sole purpose of the debtors preparing the Credit Application and presenting the same to Chisolm Trail State Bank ("Bank") was to obtain refinancing of the FMCC debt.

4. On July 21, 1997, the debtors executed a secured promissory note wherein they pledged the vehicle to the Bank. The debtors and the Bank intended the loan from the Bank and the granting of the security interest to occur at the same time.

5. On July 21, 1997, the debtor, Michael R. Stephens, executed an Application for Secured, Duplicate, Reissue Title form. This application listed the Bank as lienholder. The debtors delivered this application, and the original Certificate of Title, to the Bank.

6. On July 21, 1997, the Bank issued a cashier's check, #113553, payable to FMCC. That check specifically notes that it is a payoff of account #ECA3029QA8, which was the debtors' account with FMCC.

7. Cashier's check #113553, issued July 21, 1997, was immediately mailed to FMCC. FMCC deposited the cashier's check July 23, 1997, and released its lien on the lienholder's copy of the title and registration application.

8. Upon receipt of the lienholder's copy of the title and registration application, the Bank forwarded it and the original Certificate of Title to the Kansas Department of Revenue, together with a title and registration application and appropriate fee. The date of the title and registration application was August 4, 1997.

9. The title was issued on September 2, 1997, showing the debtors as the owners and the Chisolm Trail State Bank as lienholder.

10. The debtors filed for relief under Chapter 7 on October 24, 1997.

11. The unsecured creditors will receive less than a 100% distribution in this case.

## II. *Summary of Arguments.*

The Trustee contends that the transfer to the Bank does not meet the requirements of § 547(c)(1) and is therefore avoidable.[1] Specifically, he argues the transfer was not a "substantially contemporaneous" exchange for new value because of § 547(e)(2), which provides that a transfer is deemed to have been made at the time it takes effect between the parties if it is perfected within 10 days, but is considered to have been made at the time of perfection if perfected after 10 days. Because the perfection of the Bank's interest occurred 14 days after the transfer took effect, the Trustee argues that the

transfer was not "substantially contemporaneous" with the loan to the debtors. The Trustee's view is supported by case law, most notably *Ray v. Security Mut. Fin. Corp. (In re Arnett),* 731 F.2d 358 (6th Cir.1984) and its progeny.

Appellee Chisolm Trail State Bank, on the other hand, argues the Bankruptcy Court correctly found that the 10 day period of § 547(e)(2)(A) does not delineate the boundaries of a "substantially contemporaneous exchange" under § 547(c)(2). It argues that the use of the term "substantially contemporaneous" in subsection (c)(2) instead of a specific time limit shows that Congress intended to adopt a flexible standard requiring an analysis of all the facts surrounding the transfer. This view is also supported by case law, including *Pine Top Ins. Co. v. Bank of Am. Nat'l. Sav. Ass'n.,* 969 F.2d 321 (7th Cir.1992) and its progeny.

## III. *Discussion.*

Both of the foregoing views can claim some support from the text and structure of § 547. The Trustee's view is favored by the fact that the 10 day limit in subsection (e)(2) determines when a transfer is made "for purposes of this section," which includes subsection (c)(1). Additionally, the courts have held that the 20 day limit in subsection (c)(3), relating to purchase money security interests, precludes finding that perfection of such an interest after 20 days is part of a "substantially contemporaneous exchange." *See e.g., In re Tressler,* 771 F.2d 791 (3rd Cir.1985). At the same time, the Bank's opposing view is bolstered by Congress' use of a subjective (and somewhat vague) standard in subsection (c)(1) instead of an objective and specific time limit, such as appears frequently in other provisions of the Code.

■ Although the Trustee's argument has some logical force, the court finds

---

1. There appears to be no dispute that the transfer meets the elements of an avoidable preference under § 547(b).

more persuasive the approach taken by the Bankruptcy Court in the instant case. As was noted recently in *In re Dorholt, Inc.*, 239 B.R. 521 (8th Cir. BAP 1999), Congress' use of the phrase "substantially contemporaneous" indicates that a flexible standard was intended rather than a specific time limit.[2] Under this standard, as interpreted by the courts, the court examines "evidence of the length of the delay, the reason for the delay, the nature of the transactions, the intention of the parties, and the possible risk of fraud." *In re Dorholt, Inc.*, 239 B.R. at 525. Any concern over the possible creation of secret liens by a creditor "should ... be allayed by a court's examination and consideration of the reasonableness of a delay in perfection. Where there is a reasonable and plausible explanation for the delay, there should be no concern that a creditor was recording a secret lien in anticipation of bankruptcy." *Id.* (*citing In re Marino*, 193 B.R. 907, 915 (9th Cir. BAP 1995)). This flexible standard does not necessarily preclude consideration of the 10 day provision of § 547(e)(2), but it recognizes that a delay exceeding that standard may nevertheless be considered "substantially contemporaneous" with the value provided to the debtor. *See Rutledge v. First Nat'l. Bank of Sallisaw (In re Carson)*, 119 B.R. 264 (Bankr.E.D.Okla.1990) (perfection of security interest in debtor's vehicle 14 days after loan and security agreement were signed was substantially contemporaneous).

 The delay between the loan transaction and the perfection of the Bank's lien in the instant case was a mere fourteen days. The undisputed facts indicate that the delay was due to factors beyond the control of the Bank. The Bank acted promptly in sending a check to FMCC and in forwarding the appropriate registration documents to the Department of Motor Vehicles as soon as they were received from FMCC. The Bankruptcy Court concluded that the delay was not unreasonable, and that in view of all the circumstances the transfer was substantially contemporaneous with the loan. This finding on the issue of contemporaneousness is a question of fact. *See Creditors' Committee v. Spada (In re Spada)*, 903 F.2d 971, 975 (3rd Cir.1990). The court concludes that the finding is supported by the evidence and is not clearly erroneous.

Because this court finds that the Bankruptcy Court's holding was appropriate, the arguments raised by the Bank in its cross-appeal are moot and need not be addressed.

*IV.   Conclusion.*

The judgment of the Bankruptcy Court is AFFIRMED.

---

**2.** "Contemporaneous" is defined as "existing or occurring during the same time (as during a year, decade, or longer span of time)" or "originating, arising, or being formed or made at the same time: marked by characteristics compatible with such origin." *Webster's Third New Int'l Dictionary* (1961).